ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.*

HAWKINS.

Opinion delivered January 4, 1909.

1. MASTER AND SERVANT—ASSUMED RISK.—The negligence of the master, whether committed directly or through a fellow servant, may be assumed.  (Page 549.)

2. SAME—ASSUMPTION OF RISK QUESTION FOR JURY WHEN.—The question whether a risk was assumed by the servant in any case is one of fact for the jury to answer, unless the facts are undisputed and present a situation so plain that the minds of intelligent men could not draw different conclusions as to the effect thereof.  (Page 549.)

3. SAME—ASSUMPTION OF RISK.—Where a servant makes complaint to the master that a fellow servant is in the habit of violating a rule of the master adopted for his safety, he has a right to assume, for a reasonable time that the master will require the fellow servant to obey such rule, and consequently he will not be deemed to have assumed the risk of disobedience thereof.  (Page 549.)

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; affirmed.

*Lovick P. Miles,* for appellant.

The negligence of the master may be assumed when known to exist, as well as the ordinary hazards of the service. 86 Ark. 508. If the servant realizes the danger, and still elects to expose himself to it, then, although he acts with the greatest care, he may, if injured, be held to have assumed the risk. 77 Ark. 367. By appellee's own testimony, clearly showing that he knew of the negligence and appreciated the danger and made complaint of it, we have a clear case of assumption of risk of master's negligence, and he ought not to recover. Appellants request for peremptory instruction in its favor should have been granted.

*Sam R. Chew,* for appellee.

The question of assumed risk in this case was one of fact (under the testimony) for the jury to determine, and not of law for the court. While he assumed, in entering upon the service, all the risks ordinarily incident to that service, he did *not* assume the risk growing out of the negligence of the master. 77 Ark. 367; *Id.* 458; 112 S. W. (Ark.), 886.

HILL, C. J. Elsey Hawkins was employed by the appellant company as a cinder shoveller, working in a cinder pit in its yards in Van Buren. His testimony tended to prove: That while intent upon his work an engine was backed into the cinder pit, without the usual signals of approach, and he was injured by it. The day before this occurred he had complained to his foreman of the hostler operating this engine having taken engines into the cinder pit without signals, and threatened to quit his employment unless the required signals were given of the approach of engines to the pit. His foreman promised to speak to his superior, and that night told him he had reported it to his (the foreman's) superior, but he did not know what he (the vice-principal) had done about it. The next morning Hawkins returned to work, and knew that the same hostler of whom he had complained was handling engines. He was injured about eight o'clock, after the hostler had taken three or four engines into the cinder pit.

From a judgment in plaintiff's favor the railroad company has appealed, and says that the trial court should have given a peremptory instruction for the defendant on the ground that his evidence showed that he had assumed the negligence of the company by reason of which he suffered his injury. This occurrence took place subsequent to the passage of the act of March 8, 1907, charging the master with fellow servant's negligence.

Unquestionably the negligence of the master, whether committed directly or through a fellow servant, may be assumed. *Choctaw, O. & G. Rd. Co.* v. *Jones,* 77 Ark. 367; *Choctaw, O. & G. Rd. Co.* v. *Craig,* 79 Ark. 53; *St. Louis, I. M. & S. Ry. Co.* v. *Mangan,* 86 Ark. 508; *Pettus* v. *Kerr,* 87 Ark. 396.

Ordinarily, the question of assumption of risk is one of fact for the jury to answer, unless the facts are undisputed and present a situation so plain that the minds of intelligent men could not draw different conclusions as to the effect thereof. Then, and then only, should the court declare as a matter of law that the risk was assumed. *Choctaw O. & G. Rd. Co.* v. *Craig,* 79 Ark. 53; *Pettus* v. *Kerr,* 87 Ark. 396; *Schlemmer* v. *Buffalo, R. & P. Ry. Co.,* 205 U. S. 1.

The evidence here shows that the hostler violated the rules of the company made for the safety of the cinder shovellers by

taking engines into the pit without signals, that complaint was duly made of this to the vice-principal, and the next morning, after knowledge that his complaint had been properly lodged, Hawkins returned to his work, knowing that the servant complained of was still on duty. He had every right to assume, for a reasonable time, that his just complaint would be heeded, and that the master would require the offending servant to obey this simple and necessary rule to protect the life and limb of his fellow laborers.

The court would have erred had it declared as a matter of law that the risk was assumed. No other question is presented.

Judgment affirmed.