## AMERICAN SURETY COMPANY v. BLACK.

### Opinion delivered October 16, 1916.

1. PLEADING AND PRACTICE—COMPLAINT—MOTION TO MAKE MORE DEFINITE AND CERTAIN.—Where a complaint stated all the essential facts constituting the plaintiff's cause of action, and it did not appear that the defendant was surprised by any of the testimony introduced, or was prevented thereby from having witnesses at the trial, a motion to make the complaint more definite and certain  will be held to have been properly overruled.

2. PLEADING AND PRACTICE—DEMURRER TO THE COMPLAINT.—Where the facts stated in the complaint with every reasonable inference deducible therefrom constitute a cause of action, a demurrer thereto should be overruled.

3. BUILDING CONTRACTOR'S BOND—LIABILITY OF SURETY.—In an action to recover upon a building contractor's bond, held, the plaintiff had done everything in compliance with the law, to enforce the same, and that the surety was liable thereon.

4. APPEAL AND ERROR—UNDISPUTED TESTIMONY—ERRONEOUS INSTRUCTIONS.—Where a verdict is supported by the undisputed testimony. alleged errors in the giving of instructions are immaterial, and will not be considered on appeal.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little*, Judge; affirmed.

### STATEMENT BY THE COURT.

Albert H. Black sued the American Surety Company of New York to recover damages for an alleged breach of a building contract. The material facts are as follows:

On April 15, 1913, Albert Black entered into a written contract with Rambo & Kemp, contractors, to erect for him a residence in the city of Fort Smith, according to certain plans and specifications. The contract required that the contractors should execute a bond to secure the faithful performance of their contract and the American Surety Company signed the bond as surety for the contractors. The present suit was instituted on the first day of November, 1913. By the terms of the contract Black agreed to pay the contractors $6,466.00 for the construction of his residence and the bond signed by the surety company was for the sum of $3,500.00 to indemnify and secure Black in the full and complete performance by the contractors of their contract.

The contract provided that the residence should be completed by September 1, 1913. It also provided that payments should be made by the owner to the contractors as the work progressed, on estimates made by the architect. The contractors began the erection of the house and payments were made to them from time to time on the architect's certificate until July 26th, when they had been paid $4,466.00. Sometime in August Black found out that there was a claim of a material furnisher against the contractors for $900.00. Black knew that only $2,000.00 was due from himself to the contractors, so he reported the matter to Kennedy & Albers, who were the local agents of the Surety Company. Albers notified the district manager of the surety company at Memphis. The district manager had charge of and supervision over the company's business in the State of Arkansas. The district manager wrote the local agents that he had notified the home office about it and asked them to gather together

all the information they could about the matter. The house was completed about the first of September, 1913. On the 9th of September, 1913, Black addressed a letter to the American Surety Company at New York which was forwarded to them in due course of mail. The letter recited the fact of the Company executing the bond in the sum of $3,500.00 as surety for Rambo & Kemp, who had contracted for the erection of a two-story dwelling house for Black. The letter notified the Surety Company that the materialmen, who furnished brick for the erection of the house, had the day before filed a lien for $346.46. That it was the only lien filed against the building thus far, but that others would likely be filed. That he was advised that the contractor owed the materialmen to the amount of $4,000.00, and that the balance due them under the contract was about $1,700.00.

The provision of the bond upon which this suit is based is as follows: "First: That in the event of any default on the part of the principal, a written statement of the particular facts showing such default and the date thereof shall be delivered to the surety, by registered mail, at its office in the city of New York promptly and in any event within ten days after the obligee or his representative, or the architect, if any, shall learn of such default; that the surety shall have the right within thirty (30) days after the receipt of such statement to proceed, or procure others to proceed with the performance of such contract; shall also be subrogated to all the rights of the principal; and any or all moneys or property that may at the time of such default be due or that may thereafter become due to the principal under said contract, shall be credited upon any claim which the obligee may then or thereafter have against the surety, and the surplus, if any, applied as the surety may direct." The bond was conditioned that the contractors should faithfully perform all the terms, covenants and conditions of the contract. The contract provided for the payment of all claims for labor

and material entering into the building by the contractors.

Other facts will be referred to in the opinion. The jury returned a verdict in favor of Black in the sum of $1,500.00, and from the judgment rendered the surety company has appealed.

*Geo. W. Dodd*, for appellant.

1.   The court erred in overruling the motion to make definite and specific. Kirby's Digest, § 6091; 71 Ark. 562; 66 *Id.* 480; 70 *Id.* 161; 29 *Id.* 448; 56 *Id.* 629; 67 *Id.* 15; 58 *Id.* 7; 95 *Id.* 249; 77 *Id.* 351; *Ib.* 1.

2.   The court erred in overruling the demurrer to the complaint.   It states only general conclusions— the facts are not stated.   43 Ark. 296.   No damage was shown or alleged.

3.   There was error in the admission of evidence and in the instructions of the court as to notice.   177 S. W. 20; 32 Cyc. 73.   An erroneous instruction is presumed to be prejudicial.   70 Ark. 79; 77 *Id.* 200; 74 *Id.* 585.

4.   The court erred in refusing instructions asked by defendant.   The plans and specifications were defective and it was error to modify No. 18 by inserting the words "thereby injuring the contractors."   32 Cyc. 178, notes 78-9.

*Warner & Warner*, for appellee.

1.   The motion to make more definite and certain was properly overruled.   It is not necessary to set up or plead the evidence.   The complaint states the essential facts constituting plaintiff's cause of action. 102 Ark. 200; 95 *Id.* 438.

2.   The demurrer was properly overruled.   The complaint alleged every essential fact necessary to constitute a cause of action.   A failure to pay for material and labor and the filing of a lien against the property were a breach of the bond.   79 Pac. 1097; 77 *Id.* 794; 117 Ark. 372; 84 Pac. 817; 107 Ark. 442; 101 *Id.* 352; 93 *Id.* 373.

3. Notice was given within the terms of the bond. 78 Pac. 1021; 91 Ark. 43; 87 *Id*. 171.

4. There is no error in the court's charge. 87 Ark. 281; 80 *Id*. 454; 80 *Id*. 444; 72 *Id*. 578.

5. The judgment is right upon the whole record. 44 Ark. 556; 46 *Id*. 542; 54 *Id*. 280; 56 *Id*. 594; 62 *Id*. 228.

HART, J. (after stating the facts.)

(1) Counsel for the defendant insists that the court erred in overruling his motion to make the complaint more definite and certain. We do not think the court erred in this regard. The complaint contained a statement of all the essential facts constituting the plaintiff's cause of action and it was not necessary that the complaint should set forth the evidence to support its allegations. The allegations of the complaint were sufficient to advise the defendant of the nature of the claim, for which plaintiff sought recovery so that it might prepare any defense which it might have thereto. It is not even claimed by the defendant that it was surprised about any testimony adduced by the plaintiff or that it was prevented from having witnesses at the trial whose testimony it might need to prove its defense to the action. *Hodges* v. *Bayley*, 102 Ark. 200.

(2) It is next contended that the circuit court erred in overruling the defendant's demurrer to the complaint. In support of their contention counsel urged that the complaint contained nothing but general conclusions and that the facts constituting plaintiff's cause of action are not stated. We do not deem it necessary to set out the complaint, but it is sufficient to say that it contained every essential allegation of fact necessary to advise the defendant of the nature of plaintiff's cause of action. The rule is that where the facts stated in the complaint with every reasonable inference deducible therefrom constitute a cause of action, the demurrer should be overruled. *McLaughlin*

v. *City of Hope*, 107 Ark. 442; *Claxton* v. *Kay*, 101 Ark. 352; *Cox* v. *Smith*, 93 Ark. 373.

(3) Counsel for the defendant also assign as error the action of the court in giving certain instructions in regard to the written notice required by the bond and upon the question of the waiver of forfeiture. It is unnecessary to set out these instructions, for upon this branch of the case the evidence is undisputed and shows that the plaintiff complied with the terms of the bond in regard to giving notice of the default of the contractors. The bond provides, that in the event of any default on the part of the contractors, a written statement of the particular facts showing such default, and the date thereof, shall be delivered to the surety by registered mail at its office in the city of New York, promptly and in any event within ten days after the obligee shall learn of such default. In compliance with this provisions of the bond, on September 9, 1913, Black sent by registered mail to the defendant at its home office a letter notifying the company of the default of the contractors. The letter notified them that a lien had been filed against the building on the day before for brick furnished and that other liens would probably be filed. The company received this letter in due course of mail and wrote Black a letter acknowledging that fact. In it Black was asked to advise the company whether the contract had been completed and the work was satisfactory and what amounts he had paid the contractors for the work. Black promptly answered this letter giving the information required. He stated that the contract had been practically completed and was satisfactory so far as he knew. It will be noted that under the terms of the contract and the conditions of the bond that Black was not required to give notice to the Surety Company until default was made. All the evidence in the case shows that the contract was completed on time and that the work was done in a satisfactory manner. The only complaint made by Black is, that certain materialmen filed liens for material which went into the building and which had

not been paid for by the contractors, and that default occurred in this way. Under our Mechanics' Lien Law the materialmen are given a lien on the building and certain amount of land occupied by it. The lien was filed as soon as the house was completed. Black gave the notice required by the contract within ten days after the lien was filed. There was no circumstance shown from which an inference against the facts testified to by him on this point could be drawn. It is true Black was an interested party and under the rule laid down in *Skillern* v. *Baker*, 82 Ark. 86, his oral testimony could not be said to be undisputed. Still in the present case we think that Black is corroborated by all the other facts and circumstances adduced in evidence. Sometime in August he feared that the balance due by him to the contractors would not be sufficient to pay all the claims for materials which went into the building, which were unpaid. He notified the local representatives of the Surety Company of his fears in this respect. There was no default at this time, however, and this fact is shown not only by his own testimony but by the evidence of Kennedy & Albers, the local representatives of the company who made an investigation of the matter. Black talked with them about it at that time, not because the contractors had made any default but because he feared they might do so and he thought that it was his duty to notify the representatives of the Surety Company of this fact. The testimony of Kennedy & Albers in regard to the investigation they made tends to corroborate the testimony of Black to the effect that no lien was filed against the building and no default made by the contractors in their contract until the day before Black wrote to the company on September 9, 1913, in compliance with the terms of the bond. Black made a straightforward candid statement about the whole affair. It is true it was the duty of the contractors to pay all claims for materials when the building was completed and before they turned it over to the owner. In this case, however, the facts show that the

building was completed practically at the time the lien was filed, so there was no default until the lien was filed. There were no evasive replies by him to any questions asked him. His testimony as to the matters not contained in the contract and letters of the parties is corroborated by the other facts and circumstances adduced in evidence as well as by the testimony of Kennedy & Albers.

(4) Therefore, we hold that the undisputed evidence requires a verdict for the plaintiff and it therefore becomes immaterial to consider the alleged errors in giving the instructions.

The judgment will be affirmed.