GISH *v.* SCANTLAND.

Opinion delivered February 6, 1922. .

1.  TRIAL—DIRECTION OF VERDICT.—While the testimony of a litigant, although not contradicted by any other witness, does not make a case of undisputed testimony, upon which the court may direct a verdict, it was not error to direct a verdict upon the affirmative testimony of the plaintiff as to the correctness of his account where defendant's answer failed to deny the correctness of any of its items.

2.  SET-OFF AND COUNTERCLAIM—WANT OF REPLY—WAIVER.—Where defendant did not move for a judgment for want of a reply to his counterclaim, but went to trial without objection as if the allegations of the counterclaim were in issue, the absence of a reply will be disregarded.

Appeal from Lafayette Circuit Court, *George R. Haynie,* Judge; affirmed.

*King & Whatley,* for appellant.

*Searcy & Parks* and *Hamiter & Dickson,* for appellee.

The failure to file a reply is waived if not objected to or raised before the evidence is introduced. 54 Ark. 216; 35 Ark. 109; 1 Ark. 90; 71 Ark. 364; 74 Ark. 104; 90 Ark. 156; 69 Ark. 114; 83 Ark. 154; 33 Ark. 107; 47 Ark. 493.

SMITH, J. This is a proceeding to enforce a landlord's lien. Scantland, the landlord, filed an itemized statement of his account, which he testified was correct, except that he admitted an item of $7.50 for damage done by stock, was not a proper charge, and this item . was stricken from the account. Gish, the tenant, filed a counterclaim, about which he testified at length, but he did not deny the accuracy of Scantland's account against him. The issues of fact raised by the testimony related to the items set out in the counterclaim.

At the conclusion of the testimony the court gave a general charge submitting to the jury the two accounts, with the direction to find the amounts for which the litigants should have credit, and then strike a balance and render a verdict accordingly. After so instructing the

jury, the attention of the court was called to the fact that the defendant had not denied the correctness of the plaintiff's account, whereupon the court gave the following additional instruction: "Gentlemen, I will say this: If you find from the evidence that there is no part of the plaintiff's claim that is denied or disputed by defendant, then the plaintiff is entitled to recover for the full amount he sues for; it is just a question of how much should be deducted from that, if any, on account of the defendant's counterclaim. I am talking about the evidence, what the witnesses say about it."

The defendant objected and excepted to this instruction, and then asked the court to charge the jury that "if you find that there is no reply filed, defendant is entitled to judgment on his counterclaim."

There was a verdict and judgment in favor of the landlord, from which is this appeal, and for the reversal of the judgment the only errors assigned are the action of the court in giving plaintiff's instruction and in refusing the one asked by the defendant.

We think no error was committed in giving the instruction set out above. It is true we have several times held that the testimony of a litigant, although not contradicted by any other witness, does not make a case of undisputed testimony, upon which the court may direct a verdict, upon the theory that the facts of the case are not in dispute. This is true for the reason that the interest of the litigant in the subject-matter of the litigation makes a question for the jury whether the testimony is true, as it is a circumstance from which an inference may be drawn unfavorable to his testimony or against the facts testified to by him. *Skillern* v. *Baker,* 82 Ark. 86; *Salmon* v. *Boyer,* 139 Ark. 236; *American Surety Co.* v. *Black,* 125 Ark. 464; *Paxton* v. *State,* 114 Ark. 393. But here we have not only the affirmative testimony of the plaintiff, but the tacit admission of the defendant arising out of his failure to deny the correctness of any of the items of plaintiff's account; and in

the circumstances the court did not err in treating the correctness of plaintiff's. account as being admitted.

Appellant insists that, having given plaintiff's instruction, the court should then have given the one requested by him. But we do not think this follows. There was much conflicting testimony in regard to the counterclaim. There was no motion for a judgment for the want of a reply, and the case was tried without objection as if the allegations of the counterclaim were in issue; and when this is done the absence of a reply will be disregarded. *Hill* v. *Imboden,* 146 Ark. 99.

No error appearing, the judgment is affirmed.