WOODSON *v.* McLAUGHLIN.

Opinion delivered April 10, 1922.

1.   TRIAL—TESTIMONY OF PARTIES WHEN UNDISPUTED.—Though statements of a party will not ordinarily make a case of undisputed evidence, they will be so considered where the opposing parties were called to the stand, and did not deny the truth of their testimony.

2.   MALICIOUS PROSECUTION—TERMINATION OF PROSECUTION.—Where a prosecution was dismissed by compromise or settlement with the prosecuting witness, it is not such a final determination of the matter in the defendant's favor as will support an action for malicious prosecution.

Appeal from Pulaski Circuit Court, Third Division; *Archie House,* Judge; affirmed.

*Oscar H. Winn,* for appellants.

*Hendricks & Snodgress,* for appellee.

None of the defendants could have been guilty of false imprisonment under the facts. 34 Ark. 105; 95

*Id.* 227. It devolved upon plaintiff to show affirmatively both malice and want of probable cause.  101 Ark. 37.

SMITH, J.  This suit grows out of the differences between the parties which led to the suit of *Woodson v. McLaughlin,* 150 Ark. 340, and many of the circumstances there involved were again inquired into at the trial from which this appeal comes.  This present suit is one to recover damages for an alleged malicious prosecution instituted in furtherance of McLaughlin's wrongful purpose to eject J. F. Woodson and the members of his family from the house which they were occupying as share-croppers on McLaughlin's farm.

In support of the allegations of the complaint, testimony was offered tending to show that McLaughlin had used threatening and abusive language toward J. F. Woodson, and had instigated one Davis to cause a warrant to be issued for the arrest of J. F. Woodson and his brother, E. F. Woodson, who was living with him, charging them with a breach of the peace by using threatening and abusive language, and that this was done without probable cause therefor.

Davis testified that he had a contract to move the house, and attempted to do so, but was driven away by the Woodson brothers, who abused him and threatened him with personal violence.  This the Woodsons denied, and, according to their version of the affair, they were themselves the persons threatened and abused, and they were arrested without probable cause.

The parties defendant were McLaughlin, the owner of the land, Davis, who had the contract to move the house, and Cox, the deputy constable who served the warrant.  These defendants filed a joint answer, in which they denied all the allegations of the complaint.

Without reviewing the testimony, it may be said that a case was made for the jury that the Woodsons had been arrested without probable cause; but the testimony shows that when the case was called before McLaughlin, who, as justice of the peace, had issued the

warrant, the parties began to talk compromise and settlement, and the prosecution was finally dismissed by consent after the parties had discussed and compromised their differences.

McLaughlin testified that while the parties were assembled at his store, where he was accustomed to hold his court as a justice of the peace, J. F. Woodson approached him and proposed a settlement of the case, and that he told Woodson the prosecution was under the control of Davis, and that Woodson asked him to speak to Davis about dismissing it; that he did so, and that Davis declined to dismiss the prosecution on the ground that the Woodsons had threatened him, and he was afraid they would commit some act of violence against him; that he communicated this statement to the Woodsons, and received assurances from them that they would do Davis no harm, and he reported that fact to Davis, whereupon, in consideration of this promise, Davis asked that the prosecution be dismissed, and that order was entered. McLaughlin testified that J. F. Woodson agreed to pay the costs of the case, and that he later did so. This testimony in regard to the compromise and settlement of the prosecution does not appear to have been denied, although both the Woodsons were recalled to the stand after that testimony had been given.

J. F. Woodson did deny that he agreed to pay the costs. After being recalled he testified that nothing was said, when the prosecution was dismissed, about paying the costs, but that some days later, when a bale of cotton, which he had grown, had been sold by McLaughlin, the constable's costs, amounting to $2.50, (the only costs charged in the case) were deducted by McLaughlin from Woodson's share of the proceeds of the cotton, and that he (Woodson) protested at the time against the deduction being made. This occurred several days after the prosecution had been dismissed; but there appears to be no denial of McLaughlin's statement that a compromise of the matter was effectuated as a result of his

negotiations between Davis and the Woodsons, even though there was a misunderstanding about the payment of the costs. Davis substantially corroborates McLaughlin about the compromise and settlement of the case. There was a directed verdict in favor of the defendant, from which is this appeal.

It is true Davis and McLaughlin are parties to this litigation, and their statements would not, therefore, ordinarily make a case of undisputed evidence; but, inasmuch as the Woodsons testified, and were recalled to again testify after McLaughlin and Davis had given their testimony in regard to the terms of the compromise, without denying the truth of this testimony, it will be taken as making a case of undisputed evidence. *Gish* v. *Scantland,* 151 Ark. 594.

In the article on Malicious Prosecution in 18 R. C. L., p. 25, it is said: "It is generally held that where the original proceeding has been terminated without regard to its merits or propriety by agreement or settlement of the parties, or solely by the procurement of the accused as a matter of favor, or as the result of some act, trick, or device preventing action and consideration by the court, there is no such termination as may be availed of for the purpose of an action for malicious prosecution."

. Among the annotated cases cited in the note to the text quoted is that of *Baxter* v. *Gordon Ironsides, etc, Co.,* 13 Ont. L. Rep. 598, 7 A. & E. Ann. Cas. 452. In the note to this case it is said: "The rule is well settled that, where the proceeding is dismissed or abandoned by procurement of the party prosecuted, by settlement or compromise with the prosecutrix or plaintiff in the action, it is not such a final determination of the matter in his favor as will support an action for malicious prosecution." Many cases are cited in the notes supporting it.

A case very extensively annotated is that of *Graves* v. *Scott,* 51 S. E. 821, 2 L. R. A. (N. S.) 927. Beginning at page 945 of this annotated case many cases are cited in support of note E, reading as follows: "If the prose-

cution is brought to an end by settlement or compromise, or by the hand of the accused, it is not a sufficient termination upon which to found an action.''

See also *Craig* v. *Ginn*, 53 L. R. A. 715; *Waters* v. *Winn*, L. R. A. 1915-A 601, and the cases cited in the notes to these cases.

The testimony being undisputed that a compromise was effected as a result of which the prosecution, out of which this litigation arises, was settled, a verdict was properly directed in defendant's favor. It is true J. F. Woodson did testify that he did not agree to pay the costs, and we must assume that the jury would have so found in view of the fact that the verdict was directed against him; but this was only a detail of the compromise, and one which did not prevent the consummation of the settlement by the dismissal of the original prosecution.

It is true also that McLaughlin was the justice of the peace who issued the warrant, and that the case was tried upon the theory that he had instigated and prompted Davis in making the affidavit before him upon which the warrant of arrest was based, and, as we have said, there was testimony upon which the jury might have found that this was done without probable cause. If these things were true, then McLaughlin was disqualified to try this case by reason of his interest in the prosecution; but the Woodsons admit that they did not ask the change of venue to which they would have been entitled if their theory of the case is true. But the justice court of that township had jurisdiction of the offense charged in the warrant of arrest, and McLaughlin was a justice of the peace, and, as such, he made the order dismissing the prosecution. So that, whatever may be said about his right to try this case, it was a part of the compromise and settlement that he should make the order which ended the prosecution, and that order was entered and the prosecution was ended, and that prosecution was as effectually and finally disposed of as if there had been no question about his jurisdiction.

No error appearing, the judgment is affirmed.