COUSINS *v.* COOPER.

5-2180                                      339 S. W. 2d 316

Opinion delivered October 24, 1960.

*Wright, Harrison, Lindsey & Upton,* for appellant.

*Murphy & Arnold* and *Alton Bittle,* for appellee.

Ed. F. McFaddin, Associate Justice. Cooper (appellee) was injured in a traffic mishap while riding in Cousins' (appellant's) car. Cooper sued Cousins for damages, and recovered judgment; and this appeal ensued. Appellant urges only one point: that he was entitled to an instructed verdict in his favor. All other questions are waived.

Cousins claims that he was entitled to an instructed verdict because of: (a) the Arkansas Guest Statutes, which are Act No. 61 of 1935 and Act No. 179 of 1935 (§§ 75-913 and 75-915 Ark. Stats.); or (b) assumption of risk by Cooper as under our holding in *Bugh* v. *Webb,* 231 Ark. 27, 328 S. W. 2d 379. In testing a case on the claim for an instructed verdict, the evidence must be given its strongest probative force in favor of the side against whom the instructed verdict is asked. *Barrentine* v. *Henry Wrape Co.,* 120 Ark. 206, 179 S. W. 328; *St. L. S. W. Ry. Co.* v. *Britton,* 107 Ark. 158, 154 S. W. 215. With this rule in mind, we state the uncontradicted facts. Cooper, aged 22, and Cousins, aged 16, drove from Cleburne County into White County, obtained whiskey, drank some, and started back to the point of origin, which was the settlement of Concord in Cleburne County. Enroute home they chanced to overtake, on Ramsey Mountain outside of Batesville, Samuel Lambert, aged 21, who was driving his car. The three stopped, each had a drink of liquor; and Lambert, going toward Concord, departed in his car. Cousins, driving his car, with Cooper seated therein, followed Lambert for several miles. Finally, Cousins undertook to pass Lambert, but just at that time Lambert was overtaking and passing a car driven by Baker. In attempting to pass Lambert, Cousins lost control of his car and it was overturned, and Cooper was injured. Originally Cooper sued Lambert for damages and later added Cousins as an addi-

tional defendant. Lambert was exonerated by the jury, Cousins held liable.

Cousins is faced with difficult problems of evidence. In the traffic mishap Cooper suffered several injuries. He was unconscious for a number of days, and suffered from retrograde amnesia, so that he remembered nothing of being with Cousins, or anything else connected with the entire mishap.[1] Cooper could not testify as to the relationship or status of the parties and the pleadings contained a denial. Since Cousins is one of the parties in the litigation, his testimony cannot be regarded as undisputed in testing its legal sufficiency. In *Metcalf* v. *Jelks*, 177 Ark. 1023, 8 S. W. 2d 462, we said:

"Another rule established by this court is that the testimony of a party to an action, who is interested in the result, will not be regarded as undisputed in determining the legal sufficiency of the evidence. *K.C.S.R. Co.* v. *Cockrell*, 169 Ark. 698, 277 S. W. 7; *Gish* v. *Scantland*, 151 Ark. 594, 237 S. W. 98."

As to whether Cooper was a guest or a passenger: we have no undisputed evidence on that issue. As to whether Cousins was guilty of willful and wanton negligence even if Cooper was a guest: there was evidence to show that Cousins was traveling between 80 and 90 miles an hour when he tried to pass Lambert, and also that there was fog which, to some extent, might have obstructed the vision. So without detailing the other evidence, we conclude that there was sufficient evidence to take the question of willful and wanton negligence to the jury, even if Cooper had been a guest, which is itself not undisputed in this case.

The next point is whether Cooper, if a guest, was guilty of assumption of risk as a matter of law, within the rule of *Bugh* v. *Webb*, 231 Ark. 27, 328 S. W. 2d 379. Cousins argues that there was a joint enterprise on a drinking expedition and that Cooper assumed the

---

[1] Maloy's Medical Dictionary for Lawyers defines retrograde amnesia as, "a form which prevents the patient from recalling memories which have been acquired previously, resulting in loss of memory for events that occurred before the onset of amnesia."

risk. (See annotation in 15 A. L. R. 2d 1165). Whether there was a joint enterprise is not undisputed. Assumption of risk is generally a question of fact for the jury unless the facts are undisputed and present a situation so plain that the minds of intelligent men could not draw different conclusions to the effect thereof. *St. L. I. M. & S. Ry. Co.* v. *Hawkins,* 88 Ark. 548, 115 S. W. 175. It is only in the rarest of cases, like *Bugh* v. *Webb, supra,* where the essential facts were undisputed, that the assumption of risk appears as a matter of law. With Cooper suffering from retrograde amnesia and unable to affirm or deny any of the facts, and with Cousins' testimony disputed as a matter of law, it brings into effect the well established rule that assumption of risk is a question of fact.

Without reviewing our numerous cases on the Guest Statutes, we conclude that under the peculiar situation here existing Cousins was not entitled to an instructed verdict; and that is the only question presented.

Affirmed.