WILLIAMS *v.* CHICAGO, ROCK ISLAND & PACIFIC RAILWAY
COMPANY.

Opinion delivered June 23, 1913.

1. CONTRACTS—EVIDENCE—PROOF.—An oral contract may be proved in
   the absence of fraud or mistake by a preponderance of the evi-
   dence only.   (Page 86.)

2. EVIDENCE—PAROL EVIDENCE TO VARY WRITING—ADMISSIBILITY.—Parol
   evidence to show a different consideration for a written con-
   tract is admissible when the writing shows on its face that it
   was a compromise of the differences between the parties con-
   cerning the subject-matter stated, and that the amount to be
   paid was a part of the contract.   When the consideration named
   in a contract is more than a mere receipt, it would be incon-
   sistent with the writing itself to prove an additional or further
   consideration.   (Page 86.)

3. APPEAL AND ERROR—INSTRUCTIONS—HARMLESS ERROR.—Where parol
   evidence was inadmissible to show a consideration other than
   that named in a written contract of release, an instruction that
   plaintiff must establish the contemporaneous oral agreement by
   a preponderance of the evidence, was not prejudicial.   (Page 89.)

Appeal from Lonoke Circuit Court; *Eugene Lank-
ford,* Judge; affirmed.

*Trimble, Robinson & Trimble, Charles A. Walls* and
*Powell Clayton,* for appellant.

1.   The instructions given at request of the defend-
ant are based upon the theory that plaintiff was making
an attack on the release signed by him and attempting
to overcome the terms of a written contract by parol evi-
dence, which can only be done by showing fraud or mis-
take.

Appellant's right to bring suit in the form laid and
to recover for a breach of the contract is fully sustained
by the authorities.   6 Ind. App. 289, 51 Am. St. Rep.
289, and note, p. 300; 49 W. Va. 494; 87 Am. St. Rep.
826; 173 U. S. 1; 35 L. R. A. 512, and note.

The verbal contract sued on is not within the statute
of frauds.   29 Am. & Eng. Enc. of L. (2 ed.), 951;
3 L. R. A. 337, and note, p. 339; 5 L. R. A. 529.   The
proof of the verbal contract of employment is not an

attempt to vary or modify the terms of the written release.    55 Ark. 112; 27 Ark. 510; 91 Ark. 383.

2.    There is no authority of law for instructing the jury that the evidence showing the existence of a simple contract for future employment must be "clear, convincing and conclusive." There was no attack made on the written release, and no fraud charged.    77 Ark. 128; 55 Ark. 112; 90 Ark. 426; 93 Ark. 312.    The error in giving of an instruction which is inherently erroneous is not cured by the giving of another instruction correctly declaring the law on the same subject.    101 Ark. 37; 100 Ark. 433; 99 Ark. 377; 94 Ark. 282; 77 Ark. 201; 76 Ark. 224; 74 Ark. 585.

*Thos. S. Buzbee* and *John T. Hicks,* for appellee.

1.    Appellant seeks to place the written release in the same category with simple receipts, and then to add to it, by parol testimony, conditions which are positively contradictory of the terms of the written instrument. The instrument is full and complete in itself.    Acknowledgment of full satisfaction is clearly inconsistent with the claim that full satisfaction has not been accorded, but is to be accorded by employment running to an indefinite time in the future.    The release in this case being full, comprehensive and complete, it is binding and can not be set aside except for fraud or mistake, and it can not be varied or contradicted by parol testimony. 96 Ark. 408; 154 S. W. 519; 46 Ark. 217; 32 Atl. (R. I.), 165; 71 Atl. (Me.), 712; 73 Pac. 113; 67 S. E. 978.

2.    There was no error in the instructions.    Those given for the plaintiff stated the law as favorably to him as he could expect, while those given for the defendant correctly stated the law on its theory of the case.    18 Ark. 65; 68 S. W. 543; 107 Fed. 61.

McCULLOCH, C. J.    The plaintiff, Williams, was an employee of defendant company, and while working in its service received personal injuries on account of which he asserted a claim against the company for recovery of damages.

Negotiations between him and the company's claim agent were opened up, looking to an adjustment of the claim, and those negotiations resulted in a contract for settlement, which was reduced to writing, and reads as follows:

"Whereas, I, William Williams, of the county of Pulaski, State of Arkansas, was injured, at or near Argenta, Ark., on or about the 4th day of April, 1910, on a line of railway owned or operated by the Chicago, Rock Island & Pacific Railway Company, while working for said company, under circumstances which I claim rendered such company liable in damages, although such liability is denied by such railway company, and the undersigned being desirous to compromise, adjust and settle the entire matter; now, therefore, in consideration of the sum of three hundred dollars ($300) to me this day paid by the Chicago, Rock Island & Pacific Railway Company, in behalf of itself and other companies whose lines are owned or operated by it, I do hereby compromise said claim and do release and forever discharge the said Chicago, Rock Island & Pacific Railway Company, and all companies whose lines are leased or operated by it, their agents and employees, from any and all liability from all claims for all injuries, including those that may hereafter develop, as well as those now apparent, and also do release and discharge them of all suits, actions, causes of actions and claims for injuries and damages, which I have or might have arising out of the injuries above referred to, either to my person or property, and do hereby acknowledge full satisfaction of all such liability and causes of action. I further represent and covenant that at the time of receiving said payment and signing and sealing this release I am of lawful age and legally competent to execute it, and that before signing and sealing it I have fully informed myself of its contents and executed it with full knowledge thereof."

Subsequently the plaintiff was taken back into the company's service, first, resuming the work which he

had done prior to his injury, and was then employed as a flagman, but later was discharged and refused further employment.

He then instituted this action to recover on a verbal contract alleged to have been entered into by the company's agents whereby it undertook, as a part of the consideration of the aforesaid settlement, to give him employment during his lifetime at the same wages he was receiving at the time of his injury.

The defendant, in its answer, denied it had entered into any such contract with the plaintiff, and the case was tried before a jury upon that issue.

The trial resulted in a verdict in favor of the defendant, from which judgment the plaintiff has appealed.

The plaintiff testified that during the negotiations for settlement and at the time the written agreement was entered into the claim agent agreed that as a part of the consideration for the settlement the company would give him a "lifetime job" at the rate of wages he was receiving at the time of his injury.

The court gave two instructions requested by the plaintiff, telling the jury, in substance, that, if the defendant, at the time of the settlement and execution of the written release, "verbally agreed, in consideration of said release, to give the plaintiff permanent and steady employment at such work as plaintiff could perform in his then condition for the term of his natural life, at a stated compensation," and that, if the plaintiff agreed to do the work for the defendant and entered upon the performance of his contract and was discharged without cause, then the verdict should be in favor of the plaintiff, for a sum equal to the "present value of the money agreed to be paid him under the contract for the period of his life, less the present value of such sum as you may find he has earned or might have earned by reasonable diligence since his discharge by the defendant, and less such sums as he may be able to earn in the future by the use of reasonable diligence."

Upon the request of defendant, and over plaintiff's

objection, the court gave an instruction to the jury that the testimony showing the existence of said oral contract for future employment must be "clear, convincing and conclusive." The giving of this instruction is assigned as error.

It is not contended in this case that there was any fraud or mistake which would justify the court in setting aside the compromise agreement. In fact, this is not a suit to set aside the contract, but it is one to recover upon an alleged contemporaneous oral contract based upon the same consideration, namely, the release of the asserted claim for recovery of damages on account of personal injuries of the plaintiff.

If, in the absence of fraud or mistake, an oral contract can be proved, then the trial court erred in instructing the jury that any greater burden was upon the plaintiff than to establish the contract by a preponderance of the testimony. *Magill Lumber Co.* v. *Lane-White Lumber Co.,* 90 Ark. 426.

Ordinarily, that error would call for a reversal of the cause, but if the rules of evidence forbid proof of such oral contract where a written contract has been entered into of the nature shown in this case, then the instructions were more favorable to the plaintiff than he was entitled to, and the error was not prejudicial, and the judgment should be affirmed notwithstanding the erroneous instruction.

This court has decided that parol proof is admissible to establish the fact that other considerations, not recited in a deed or written contract, were agreed to be paid, when such proof does not contradict the terms of the writing. *Busch* v. *Hart,* 62 Ark. 330; *Magill Lumber Co.* v. *Lane-White Lumber Co., supra.*

The same rule is otherwise stated in opinions of other courts that, where the writing merely contains a recital or acknowledgment of the consideration, an additional consideration or other undertakings based upon the same subject-matter may be proved without varying the terms of the writing, but that, where the recital of

the consideration is part of the contract itself, or, in other words, that the amount or nature of the consideration is contractual, then to admit such proof would vary the terms of the contract, and is, therefore, inadmissible.

Professor Wigmore states the rule thus:

"In general, then, it may be said that a recital of consideration received is, like other admissions, disputable so far as concerns the thing actually received; but that, so far as the terms of a contractual act are involved, the writing must control, whether it uses the term 'consideration' or not." 4 Wigmore on Evidence, § 2433.

The Supreme Court of Minnesota, in a well-considered case, correctly stated the rule as follows:

"While the true consideration of written contracts may as a general rule be inquired into by evidence outside the writing, the rule is not without well-defined exceptions. It applies more particularly to contracts, wherein the consideration is expressed in general terms, as the acknowledgment of the payment of a stated amount of money. In such cases the true consideration may always be shown. * * * But where the expressed consideration is more than a stated amount of money paid or to be paid, and is of a contractual nature, parol proof is inadmissible to vary, contradict or add to its terms." *Kramer* v. *Gardner*, 104 Minn. 370, 22 L. R. A. (N. S.), 492.

The same rule is stated in 17 Cyc. 661, as follows:

"Where the statement in a written instrument as to the consideration is more than a mere statement of fact or acknowledgment of payment of a money consideration, and is of a contractual nature, as where the consideration consists of a specific and direct promise by one of the parties to do certain things, this part of the contract can no more be changed or modified by parol or extrinsic evidence than any other part."

The case of *White* v. *Railroad*, 110 N. C. 456, was one in which an action had been instituted on an oral agreement alleged to have been executed contemporaneously with a written release of compromise of claim

for damages, and the court held that the oral agreement could not be proved. The court said:

"In the nature of the matter, it was appropriate and orderly to specify the whole consideration. The language employed was appropriate and apt for that purpose, and in the absence of any provision or implication in the release to the contrary, it must be taken that it does. It, by its terms and effect, concludes the plaintiff, and he can not be allowed to allege that there was other and further consideration for it than therein expressed. The parties made it written evidence of their settlement and they must abide by it, unless, in some appropriate way and for sufficient cause, it shall be made to appear that it does not express truly the contract of settlement it purports to embody."

*Chaplin* v. *Gerald*, 104 Maine, 187, was a case almost identical with the present one. In the opinion the court said:

"The instrument in the case at bar is not incomplete but comprehensive, and appears to embrace an entire contract between the parties. It is not merely a receipt for money, which may be explained by parol; on the contrary, it is a formal release witnessing in plain and explicit terms an agreement discharging the defendants from all liability to the plaintiff for the injury he had received and which was to be 'final and conclusive.' The testimony of the plaintiff that the defendants agreed in addition to the $1,000, expressed as the consideration for the release, to furnish him employment as long as he should be able to work, is, we think, inconsistent with and tends to vary and contradict the written instrument."

*Myron* v. *Union Railroad Co.*, 19 R. I. 125, was also a similar case based on release such as found in the present case, and the court reached the same conclusion.

The only case brought to our attention holding to the contrary is *Pennsylvania Co.* v. *Dolan*, 6 Ind. App. 109, 51 Am. St. Rep. 289, where the court held that, a release executed similar to the one in the case at bar,

additional parol agreement to employ the plaintiff at a certain consideration was collateral to the issue and that oral testimony was admissible for the purpose of proving such an agreement. The court in its opinion recognized the general rule, however, that "where the parties have undertaken to specify the consideration in the writing, and where such consideration is contractual in its nature," parol testimony of additional agreement is inadmissible.

The contract before us contains more than a mere recital or acknowledgment of the amount to be paid as the consideration. The writing shows upon its face that it was a compromise of the differences between the parties concerning the subject-matter stated and that the amount to be paid was a part of the contract. That part of the contract constituted more than a mere receipt for the money paid, and it would be inconsistent with the express terms of the writing itself to prove an additional or further consideration.

In the recent case of *Cherokee Construction Co.* v. *Prairie Creek Coal Mining Co.,* 102 Ark. 428, there was a different application of the rule made, that being a suit to establish liability under a cause of action found to be embraced within the release, but we said:

"The parties, in order to avoid the evils of litigation, made a compromise and settlement of all matters and differences between them. The lease or instrument in question was something more than a mere receipt. It was the final embodiment in writing of the agreement between the parties. It is a comprehensive discharge, not only of the differences between the parties, but of all matters between them. * * * To permit the plaintiff to show by parol proof that it was not so intended would be to contradict or explain away the instrument, which is contrary to the established rule of law."

So it can be said in the present case. The parties adjusted their differences and entered into a written contract, which covered, not only the claim to be released, but the amount to be paid in consideration of such re-

lease.  That is, we think, conclusive upon the parties in the absence of a showing of fraud or mistake.  The case was, therefore, submitted to the jury upon instructions more favorable to plaintiff than he was entitled to, and he can not complain of the error in one of the instructions.  The verdict could not have been otherwise than in favor of the defendant upon the competent testimony, viewing it in its light most favorable to the plaintiff.

The judgment is, therefore, affirmed.