WARREN & SALINE RIVER RAILROAD COMPANY *v.* WILSON.

4—2594

Opinion delivered June 13, 1932.

1064

*Coleman & Riddick, D. A. Bradham* and *Clary & Ball,* for appellant.

*D. L. Purkins,* for appellee.

HART, C. J., (after stating the facts). The record shows that the consideration recited in the release agreement between Smith and the defendant was the sum of $4,000, which was paid to and received by Smith in full discharge and final settlement of his claim against said defendant in a damage suit brought by him against it for personal injuries in the circuit court.

It is earnestly insisted by counsel for appellant that to allow the attorneys to prove that there was an additional consideration that their fee should be paid would be in violation of the well-known rule that parol evidence is not allowed, in so far as the terms of the consideration are contractual, and the writing must control. They rely upon the case of *Williams* v. *Chicago, Rock Island & Pacific Railroad Company,* 109 Ark. 82, 158 S. W. 967,

and on other cases decided by this court deciding a similar principle.

We do not think the cases cited are applicable under the facts of this case. In the case just cited, Williams settled a claim for damages with the railroad company for a stipulated amount of money and testified at the trial that the release merely recited a part of the consideration for the settlement, and that it was agreed that he was to have a lifetime job with the railroad company. The court held that this could not be done because the part of the consideration proved by parol was contractual in its nature and tended to contradict the very terms of the settlement by the railroad with the plaintiff. The court recognized, however, the well-known rule that parol proof is admissible to establish the fact that other considerations not recited in the instrument of writing were agreed to be had where such proof does not contradict the terms of the writing. It was distinctly held that an additional consideration, based upon the same subject-matter, might be proved without varying the terms of the writing.

The admission of the parol proof of Smith did not tend in any way to contradict or vary the terms of the written release and settlement by himself with the defendant. It only recited an additional consideration that the defendant was to pay his attorneys whatever he had agreed to pay them.

Another reason why the testimony was admissible is that, under our statute, the attorney has a lien on his client's cause of action, of which all the world must take notice, and any one settling with the plaintiff without the knowledge of his attorney does so at his own risk. It is true that the existence of the lien under the statute does not permit the plaintiff's attorney to stand in the way of a settlement; but the lien operates as security, and, if a settlement is made in disregard of it, the court will interfere and give the attorney a lien for that percentage of the proceeds which his contract with his client entitled him to receive. *St. Louis, Iron Mountain &*

*Southern Railway Company* v. *Hays & Ward,* 128 Ark. 471, 195 S. W. 128.

This view was again adopted in the case of *Arkansas Foundry Company* v. *Poe,* 181 Ark. 497, 26 S. W. (2d) 584. In the latter case, it was held that all of the cases recognize the rule that the amount for which the parties have in good faith agreed to settle is binding on the attorneys, but they disagree as to what this amount is. Some of the cases hold to the view that the amount paid the client is the amount on which the attorney's percentage is to be computed where there is a contingent fee. Other cases hold that the amount paid the client is not the whole of the settlement, but only the client's part thereof, and that the whole amount of the settlement on which the attorney's percentage is to be computed is an amount bearing such a proportion to the amount paid to the client as the whole bears to the fraction represented in the client's share. In other words, under our statute, if the defendants are required to pay the attorney's fees as a part of the settlement, they will be deemed to have agreed to pay the plaintiff's attorney the amount the latter was entitled to receive under the contract of employment. This was the view of the law adopted in the Poe case; and it was expressly held that, where a client agreed to pay attorney a fee of fifty per cent., the defendant, settling with the client for a stipulated sum and agreeing to pay the attorney, must pay the attorney a like sum.

The undisputed facts in this case are that the defendant knew at the time it made the settlement that the plaintiff had agreed to pay his attorneys a contingent fee on a percentage basis, and knew the terms thereof. Smith, the plaintiff in the damage case, testified that they agreed to pay his attorneys on the basis on which he was paid. Now the release and settlement show that he was paid the sum of $4,000, and the court found that the attorneys were entitled to recover a like amount. The finding and judgment of the court shows that it did not take into consideration the fact that other sums in addi-

tion to the $4,000 were to be received by the plaintiff from the defendant in the settlement of the case. The court was at liberty to accept that part of the plaintiff's testimony which it believed to be true, and to reject that part that it believed to be untrue.

We find no reversible error in the record, and the judgment will therefore be affirmed.