Gordon *v.* New York Life Insurance Company.

4-3018

Opinion delivered May 29, 1933.

516

*Edw. Gordon,* for appellant.

*W. P. Strait* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

KIRBY, J., (after stating the facts). It is urged that the court erred in directing the verdict against appellant, the beneficiary in the insurance policy sued on.

It is not contended, nor was any testimony introduced tending to show, that the money, the second premium, claimed to have been paid to R. H. Fiser, a former agent who solicited the insurance and collected the first premium, was ever paid to the insurance company or received by it. He was only a special agent with limited authority as shown for soliciting insurance and not a general agent within the meaning of that term.

The policy provides for the payment of all premiums on or before their due date at the home office of the company, ''or to an authorized agent of the company, but only in exchange for the company's official premium receipt signed by the president, a vice-president, a second vice-president, a secretary or the treasurer of the company, and countersigned by the person receiving the premium. No person has any authority to collect a premium unless he then holds said official premium receipt.''

The testimony also tended to show that Fiser's authority to represent the company as a soliciting agent had been terminated by the company before the money for the payment of the premium was received by him; and, without regard to whether the testimony is undisputed that notice of the discharge of the agent who collected the second premium for the insurance was brought home to the insured before the payment thereof, there is no presumption that his authority to receive payment for premiums continued, since, after such first payment of said first premium, his authority was limited by the terms of the policy, or rather the insured had knowledge by its terms that premiums could be paid only at the home office or to an authorized agent of the company, ''but only in exchange for the company's official receipt,

etc.," and, "No person has any authority to collect a premium unless he then holds said official premium **receipt.**"

Of course, due payment of the premium might have been made without receiving such a receipt, but the burden of proof would be on the party claiming said insurance to show that it had been paid, when disputed; and there was no testimony showing the payment of this premium to an authorized agent or that the company itself ever received the money.

If it had been shown that the money was paid in fact to the insurance company, a different question would be presented, but there is no such question in this case of ratification or estoppel of the company to deny the payment.

In *United Friends of America* v. *Phillips,* 186 Ark. 70, 52 S. W. (2d) 628, cited by appellant, the facts are unlike those in this case, and it has no application here, being altogether different, the dues or premiums therein having been actually paid to and received by the secretary, which was a sufficient payment under the circumstances.

There was no issue to be submitted to the jury upon the undisputed proof herein, and the court did not err in directing a verdict, and the judgment must be affirmed. It is so ordered.