RESERVE LOAN LIFE INSURANCE COMPANY *v.* COMPTON.

4-3880

Opinion delivered May 27, 1935.

*Frank G. West* and *Carmichael & Hendricks,* for appellant.

*Owens & Ehrman* and *E. L. McHaney, Jr.,* for appellee.

JOHNSON, C. J. On June 13, 1928, appellant, Reserve Loan Life Insurance Company, issued two policies of life

insurance, by the terms of which it insured the life of Thomas Walter Compton for the aggregate sum of two thousand dollars, and appellee, Desiree Miller Compton, was designated therein as beneficiary. On March 25, 1934, the insured died, and this suit was brought by the beneficiary to recover the sums alleged to be due on the contracts aforesaid. Appellant defended against appellee's claims upon the theory that the two policies lapsed for nonpayment of premiums due on June 25, 1933. The pertinent provisions of the policies necessary to a decision of the contentions urged on appeal are as follows:

"A grace of thirty-one days (without interest), during which time this policy will remain in force, will be allowed for the payment of any annual, semi-annual or quarterly renewal premium; provided, that, if the insured shall die within such period of grace, the unpaid premium for the current policy year will be deducted in any settlement under the policy.

"PREMIUMS—Premiums are due and payable in advance at the home office of the company, in the city of Indianapolis, Indiana, or to a designated collector, but in any case only in exchange for the company's receipt therefor, signed by the secretary and countersigned by such collector. Upon default in payment of any premium, or any installment thereof, or any note accepted by the company to extend the time of payment of any second or subsequent premium, this policy shall be null and void, except as herein otherwise provided, and the earned portion of any such extension note shall be a first lien on the policy, and a deductible indebtedness in applying the values or benefits set forth in the table of guaranteed values."

The testimony on behalf of appellee tended to show that on July 12, 1933, which date was within the grace period provided in the contracts of insurance, an additional grace period was extended to the insured in which to pay the due premiums, and that within this extended period of time a tender of all premiums due was effected, but was refused by the insurer. Appellant does not controvert that a tender was made of the premiums within the alleged extended time, but contends that no extension

was in fact granted; and also, if so granted, it was by no one with authority to grant such extension. Specifically on this point Walter S. Compton, a son of the insured, testified that on July 12, 1933, he went to the office of Mr. Stanley, the agent of the insurer, "and told him I had better take care of the insurance that evening. That was about five o'clock, and he said: 'You have plenty of time, we can give you thirty days' extension,' and he had some printed forms, and he handed me some and said: 'Have that signed by your father tonight,' and that took a big load off of my mind. If I had thirty days to do anything in, I was all right. Well, that night I had father to sign both blanks and next day brought them back, and he said: 'That is fine'," and that his father signed the extension agreements on the night of July 12, 1933, and the next morning he took them together with the policies of insurance to the office of Mr. Stanley where the matter was refigured, and Mr. Stanley then told him: "My impression was that I had thirty days to do it." He said, "I'll give you thirty days extension blank agreements. * * * Have them signed by your father tonight, and you will have thirty days." This testimony was controverted by Mr. Stanley and other employees in his office, but it is not necessary to set out in detail this testimony. The extension agreement or application for reinstatement effected as testified about by Walter S. Compton contains the following pertinent provision:

"In consideration of the granting of such extension, I hereby agree to pay to said company at its home office at Indianapolis, Indiana, before 12 o'clock, noon, Central Standard Time, on said extended date, and without grace the sum of seventy-eight and 97/100 dollars, that being the amount of said premium remaining unpaid."

Other facts and circumstances in evidence will be hereinafter referred to. The jury returned a verdict in favor of appellee, and this appeal comes from the judgment entered thereon.

Appellant's principal contentions for reversal are: First, that the testimony does not warrant the inference that thirty days additional time from July 14, 1933, was granted by appellant to the insured in which to pay his

premiums; and, secondly, even so the agent was without authority to grant such extension of time.

Appellant urges that the testimony of the witness, Walter S. Compton, as heretofore quoted, is contradicted by other testimony elicited from said witness on cross-examination, therefore, it is said his testimony is rendered unsubstantial and insufficient to support the verdict grounded thereon. Several cases from other jurisdictions are cited in support of this contention, but we think our own decisions are decisive of this contention. It has long been the established rule in this State that the weight of the evidence, and the credibility of the witnesses is solely within the province of the triers of fact. They may believe such part of the testimony or the testimony of any witness which they believe to be true, and they may disregard such part of the testimony or such part of any witnesses testimony which they believe to be false, or they may disregard any part of the testimony of any witness about which the witness might be mistaken. See *Gibson Oil Co.* v. *Bush,* 175 Ark. 944, 1 S. W. (2d) 88, and *Warren & Saline River·Rd. Co.* v. *Wilson,* 185 Ark. 1063, 50 S. W. (2d) 976.

It appears therefore that it was the exclusive province of the jury to believe or disbelieve the testimony of the witness Walter S. Compton or any part thereof, and, since the jury has given full credence to the testimony heretofore quoted, we are not at liberty to ignore such finding of fact on appeal. It follows that the jury was warranted in finding that the agent, Stanley, granted to the insured an extension of thirty days from July 14, 1933, in which he might pay his premiums. Secondly, appellant contends that the agent Stanley was without apparent authority to grant such extension of time in which to pay premiums. This contention is grounded primarily upon the fact that Stanley's contract of employment with the insurer does not provide for any such authority, and also that the provisions of the policy heretofore quoted are proof certain that no such authority was granted.

Appellant admits that Mr. Stanley, with whom the insured dealt, was either general agent, a State agent or

manager of the State of Arkansas agency. In either event he was an admitted general agent of appellant, and those dealing with him as such without notice of restrictions upon his authority had a right to presume that he had authority co-extensive with its apparent scope. *N. O. Nelson Mfg. Co.* v. *Benjamine,* 189 Ark. 900, 75 S. W. (2d) 664; *American Southern Trust Co.* v. *McKee,* 173 Ark. 147, 293 S. W. 50. Appellant concedes the rule thus stated, but contends that the insured had notice of restrictions by the provisions of the policy which required premiums to be paid at the home office of appellant, and to certain designated persons; and, also, because notices to this effect had been sent to and received by the insured since the issuance of his policies in 1928.

We expressly decided in *Pacific Mutual Life Ins. Co.* v. *Carter,* 92 Ark. 378, 124 S. W. 764, that a general agent of an insurance company might waive payment of a premium when due, and the resultant forfeiture of the policy. We there said: ''The evidence shows that the forfeiture of the policy for the nonpayment of the premium was waived by the conduct of appellant's general agent. He knew that the renewal receipt for the premium with his name as general agent thereon had been delivered to appellee, and made no objection thereto. He thus extended the credit to appellee beyond the time for payment, instead of requiring the payment to be made as the policy specified, and the company is bound by his act in so doing.''

Since it appears from our own opinions that a general agent of an insurance company may waive provisions in a policy of insurance in reference to forfeitures for nonpayment of premiums, and which are for the exclusive benefit of the insurer, it becomes unnecessary to look for precedent from other jurisdictions, and we therefore purposely refrain from discussing cases cited and relied upon from other jurisdictions.

For a greater reason, if such general agent may waive provisions in the contract in reference to forfeitures for nonpayment of premiums, they may likewise waive similar directions made by the insurer to the in-

sured in reference to the mode and manner of payment of premiums.

It follows from what we have said that the jury was warranted in finding that appellant's general agent, Stanley, had apparent authority to grant to the insured thirty days additional time from July 14, 1933, in which to pay his premiums on the policies in this suit, and, since appellant admits that it rejected the sum of money tendered to pay said premiums within the thirty days extension granted, it is estopped to assert a forfeiture of said policies because of the nonpayment of premiums. See *W. O. W.* v. *Newsom,* 142 Ark. 132, 219 S. W. 759.

Appellant urges upon us *Gordon* v. *N. Y. Life Ins. Co.,* 187 Ark. 515, 60 S. W. (2d) 907, as holding that a general agent can not waive forfeiture provisions in a contract of insurance. This case is not authority for this position. We were there dealing with the acts of a special agent, and one with limited authority, and this opinion so discloses upon its face. Similarly, are *Fidelity Mutual Life Ins. Co.* v. *Bussell,* 75 Ark. 25, 86 S. W. 814, and *Mutual Life Ins. Co.* v. *Abbey,* 76 Ark. 328, 88 S. W. 950, cited and relied upon by appellant, and it would serve no useful purpose to discuss these cases in detail. It suffices to say that there is a marked difference between the authority vested in a general agent and those acting within a limited field, and this distinction is fully recognized by all our opinions on the subject and text writers generally.

Lastly, appellant urges that the trial court erred in giving and refusing to give certain instructions to the jury in charge. It would unduly extend this opinion to discuss these instructions in detail and would serve no useful purpose. It may be said that the instructions in the main conform to the views of law hereinbefore expressed.

No prejudicial error appearing, the judgment is affirmed.

McHANEY, J., disqualified, and not participating.