ROLAND *v.* TERRYLAND, INC.

5-36 256 S. W. 2d 315

Opinion delivered March 30, 1953.

838

*Harold L. Hall, Elmer Schoggen, John M. Lofton, Jr.,* and *Owens, Ehrman & McHaney,* for appellant.

*Martin K. Fulk, House, Moses & Holmes* and *E. B. Dillon, Jr.,* for appellee.

J. Seaborn Holt, Justice. Appellees, Terryland, Inc., and William Burleson, its truck driver, sued Tom Rowland, driver of a school bus belonging to Parkdale School District and also sued Great American Indemnity Company direct, the District's liability insurance carrier (under § 66-517, Ark. Stats. 1947), for property damages to Terryland's truck and for personal injuries to Burleson, resulting from a collision of the school bus and the truck.

The complaint alleged the negligence of Tom Roland to be that he was driving at a dangerous and excessive speed, failed to stop at a stop sign, as required by law, failed to yield the right of way and keep a proper lookout, and that his negligence was the sole cause of the collision, etc.

Appellants answered separately with a general denial and specifically defended on the grounds that Burleson carelessly and negligently struck the school bus, that he was driving his truck at an excessive rate of speed, "failed to keep a proper look-out, . . . failed to yield the right of way to the said Tom Roland and that he failed to deviate from the path in which he was driving when a collision was imminent, and that the contributory negligence of Burleson barred appellees' right to recover."

Appellants, School District and Roland, filed a cross-complaint against appellees and alleged negligence of Burleson (driver of Terryland's truck) in effect in the terms as set out above in their answer and further "that said school bus was upon the highway directly in front of the truck a sufficient distance to permit the said Burleson in the operation of the said truck to have seen the school bus in time to have stopped or checked his speed and avoided the collision, and that he negligently failed to do so," and sought damages to the bus and for personal injuries to Roland.

Appellees, in reply, interposed a general denial and alleged that any damages suffered by appellants were due "solely as a result of the recklessness, carelessness and negligence of Tom Roland," in driving at an excessive speed, failing to stop at a stop sign immediately prior to the collision, failing to yield the right of way, and to keep a proper look-out.

A jury trial resulted in a verdict for appellee, Terryland, in the amount of $1,850, and for $25 for Burleson. This appeal followed.

The collision occurred in the intersection of State Highway 8 (surfaced with gravel) and U. S. Highway 165 (with a "black top" surface) in Ashley County. It appears that the only eye witnesses were Burleson, Roland and Mrs. Claude Everett.

Burleson testified that on August 20, 1951, at about 11 o'clock in the morning, as he drove from Wilmot into Portland and Parkdale, when he reached the intersection of the two highways, "the speed limit is 45 miles an hour—I had already slowed down, and I saw the school bus when he was about—he was just passing the stop sign. The stop sign is about 40 feet from the highway. In driving that route every day most all cars pull past the stop sign and stop before entering the highway. This driver of the school bus didn't stop, and when he came past the stop sign and entered the highway, I blew my horn and hit my brakes and hit him. I was on the right hand side of the road going north, and the school bus was

going east. I knew the stop sign was there and I had met traffic there frequently in the past.

"I was about 90 feet down the highway when he passed the stop sign and about 35 to 40 feet—he had gotten to the highway and I hit the brakes. The countryside is level, but there is an upgrade between the highway and the stop sign on No. 8. I estimated the speed of the bus when I saw it going past the stop sign at about 25 miles per hour, and I slammed on my brakes as quickly as I could get to them.

"I was talking to Tom (Roland) about a week after the accident and he said it was his fault and he had no business pulling out on to the highway."

Mr. Everett testified when Roland passed him going into the intersection, he did not stop at the Stop Sign and was going about thirty or thirty-five miles per hour when the collision occurred. Mrs. Everett corroborated this testimony.

Roland testified: "Q. Are there any markings or places that you can tell about how far away the truck was when you observed it as you started across the highway? A. When I started across the highway I looked and saw him coming pretty briefly and *I tried to beat the rap on across the highway.*"

Appellants first question the sufficiency of the evidence and contend "Burleson was guilty of negligence which caused or contributed to this accident," and therefore appellees cannot recover. We do not agree.

Without attempting to detail the testimony, it suffices to say that when all the facts are viewed in the light most favorable to appellees, as they must be, they were substantial and sufficient to support the jury's verdict.

But, appellants earnestly contend that the doctrine of discovered peril having been applied in this case, the trial court erred in giving appellees' instruction No. 2, in that it ignored the issue of discovered peril, which doctrine the court applied in certain other instructions, that

it "is a binding instruction and permits a recovery by the appellees on the sole finding that the appellant, Tom Roland, was guilty of some act of negligence which proximately caused the accident," and further that it was in conflict with other instructions.

More succinctly stated, appellants say that "the error committed by the court is not in his failure to recognize and instruct on the question of discovered peril, but in his error in giving a binding instruction which omitted this defense."

The doctrine of discovered peril, or the last clear chance doctrine, insisted upon here by appellants as applicable, would, if applied, presuppose the negligence of Tom Roland.

In a recent case, *Shearman Concrete Pipe Company* v. *Wooldridge*, 218 Ark. 16, 234 S. W. 2d 382, we defined it in this language: "The so-called 'discovered peril doctrine' or 'the last clear chance doctrine,' which doctrine, most succinctly stated, is that the contributory negligence of the plaintiff does not preclude a recovery for the negligence of the defendant when it appears that the defendant, by exercising reasonable care and prudence *after discovering* the perilous condition of the plaintiff, could have avoided the injurious consequences to the plaintiff."

We have concluded that on the facts presented, the discovered peril doctrine has no place or application in this case, but that the simple question of negligence and proximate cause should be applied. Under many of our decisions, we have held that a party relying on this doctrine has the burden of showing that while he (Roland here) was negligently in a perilous position, the defendant discovered his perilous position, and after such discovery failed to prevent injuring him by using reasonable care. Here, under this doctrine, Burleson, Terryland's driver, would be under no duty to Roland until Roland had entered the intersection and placed himself in peril. Roland was driving approximately twenty-five miles per hour from the stop sign (50 ft. from the

edge of Highway 165) when he entered the intersection. Obviously then Roland was going about 36 feet per second and would have been in peril about one-half second from the time he entered the intersection until struck, or about 1½ seconds from the time he covered the distance from the stop sign to the point of impact. This short space of time was not sufficient here to give Burleson time to appraise the situation and time thereafter to do something about it. He appears to have done all he could within this fraction of a second to avoid the impact.

In *Houck* v. *Marshall*, 198 Ark. 938, 132 S. W. 2d 181, where facts similar in effect were present, in denying the application of the discovered peril doctrine, we said: "Under the facts in the instant case we are of the view that the discovered peril, or the last clear chance doctrine, does not apply . . . We think this is a case wherein the simple question of negligence and proximate cause should be applied.

"Here we have the drivers of two automobiles approaching each other on a twenty-foot gravel roadway, one on the wrong side of the road, and each car continuing without stopping until a collision occurs. . . . In the instant case the driver of each car had a right to assume that the other would try to avoid a collision. . .

" 'When, however, the *continuing negligence* of the injured person in failing to discover his own danger and move out of the danger zone stands over against the *continuing negligence* of defendant for failing to discover the situation and avert the accident, it is difficult to understand how the doctrine of last clear chance may be applied consistent with the proximate cause view.' "

In the more recent case of *Strickland Transportation Company* v. *Gunter*, 175 F. 2d 747, United States Circuit Court, 8th Circuit, wherein there was involved a collision between a pick-up truck and a large transportation truck (belonging to Strickland), the doctrine announced in the above case (*Houck* v. *Marshall*) was reaffirmed. In this Federal case, it appears that Strickland's driver saw the pick-up truck at a distance of some

500 feet, but testified that he could not avoid the collision. The Circuit Court, after taking notice of the necessary elements in a discovered peril case, found that they were lacking in the Strickland case and that the defendant there had not discovered the peril of the plaintiff in time to act and had not failed to act reasonably after the discovery. It was there held: (Headnote 2) " 'Discovered peril,' within doctrine of discovered peril as applied in Arkansas, means peril that is actually discovered and not peril that might have been discovered." (Headnote 3) "Doctrine of 'last clear chance' or 'discovered peril' under Arkansas law is not applicable unless person charged actually discovered peril of person in time to avoid his injury by exercise of ordinary care and use of means then at his disposal," and in the body of the opinion, this language was used:

"The combined speed of the colliding vehicles was at least 60 miles an hour or 88 feet a second. Not more than 6 seconds passed between the transport driver's first sight of the pick-up truck and the collision. Under the Arkansas rule, he can not be charged with negligence in failing to discover the peril of Gunter at the instant he saw the lights of the pick-up truck coming around the curve. He was at least entitled to some time to appraise the situation, and, afterwards, the time in which to avoid the accident with the means at his disposal. Under the evidence the jury was not justified in finding that he had either."

Having concluded that appellees were not entitled to invoke the doctrine of discovered peril, it must follow that the court did not commit error in omitting this defense in instruction No. 2. It is not necessary to cover all issues in one instruction. This instruction permitted a finding for appellees ending with these words: "Unless you further find that the plaintiff, Burleson, was also guilty of negligence which was the proximate cause of the collision."

We think this instruction broad enough to include all elements of negligence alleged against Burleson and was not inherently wrong.

The rule is that "instructions given to the jury should be complete, and should cover all material issues supported by the evidence adopted. . . . However, it is not necessary that the law applicable to all questions in a case be stated in each instruction in a series, it being sufficient if all, when considered as a whole, state the law correctly. . . . Where instructions separately present every phase of the law as a whole, each instruction need not carry qualifications explained in others." 53 Am. Jur., § 547, page 435.

We said in the recent case of *Hearn v. East Texas Motor Freight Lines*, 219 Ark. 297, 241 S. W. 2d 259: "The purpose of instructions is to inform the jury of the legal principles applicable to the facts presented, and furnish a guide to assist in reaching a verdict. They are ordinarily read to the jury with continuity and unless contradictory as a matter of law must be considered as a whole. If, when so considered, the legal issues presented are properly explained, no prejudice results. *St. Louis I. M. & S. Railroad Co. v. Rogers*, 93 Ark. 564, 126 S. W. 375, 1199."

Other instructions fully covering all issues were given by the court.

Appellants also contend that the court erred in giving appellees' instruction No. 5, and their own instruction No. 2, after modification. Specifically, the objection to both was that they made available to appellees the defense of contributory negligence of appellants, which they alleged appellees had not pleaded. The record reflects, however, that appellees did in effect plead this defense of contributory negligence in their reply to appellants' cross-complaint.

Appellees alleged: "If either of said cross complainants sustained any damage as a result of the collision described in the pleadings in this action, such damage occurred solely as a result of the recklessness, carelessness and negligence of Tom Roland, who was then acting in due course and scope of his employment as an agent, servant and employee of Parkdale School

District for its use and benefit," and specifically that Roland was driving the school bus at a dangerous rate of speed, failed to stop at a stop sign, failed to yield the right of way and to keep a proper look-out. Clearly this reply was more than a general denial, and all specific allegations of negligence on the part of Roland, in effect, charged what amounted to contributory negligence on the part of Roland.

"In construing a pleading for the purpose of determining its effects, its allegations shall be liberally construed, with a view to substantial justice between the parties," § 27-1150 Ark. Stats. 1947.

Finding no error, the judgment is affirmed.