CARMICHAEL, ADMINISTRATRIX *v.* MERCURY MOTORS, INC.

5-563                          275 S. W. 2d 15

Opinion delivered February 7, 1955.

*Herndon & Schoggen,* for appellant.

*Malcolm W. Gannaway* and *James B. Gannaway,* for appellee.

ROBINSON, J. Four damage suits were consolidated in the circuit court; they all grew out of a collision between a truck and an automobile at East Washington Avenue and Magnolia Street, North Little Rock. The judgments were for the defendants, the operators of the truck. The plaintiffs in the circuit court are appellants here. The truck was owned by appellee Mercury Motors, Inc., and was being driven by appellee J. H. Riggs. The automobile was being driven by Jesse Hogue, who was killed in the collision. One of the consolidated cases was filed by the Administratrix of his estate, Pairlee Carmichael. The other parties plaintiff in the consolidated cases were occupants of the automobile driven by Hogue.

The allegations of negligence set out in the complaints are that Riggs, the driver of the truck, was travelling at a high rate of speed in violation of the law, that he failed to yield the right of way, that he failed to have the truck under control, and that he failed to keep a proper lookout for other users of the streets. There is no allegation of discovered peril.

Counsel for appellants state in their brief: "The testimony further shows and the driver of the truck admits that he did not see the automobile until the instant of the impact." Appellants first argue that the trial court should have given an instruction invoking the doctrine of discovered peril even if the truck driver failed to discover such peril. In other words, appellants, conceding that the driver of the truck did not see the automobile in time to have avoided the collision, say that the doctrine of discovered peril applies if the defendant should have discovered the peril. In support of their contention on this point appellants cite *Arkansas Power & Light Co.* v. *Tolliver,* 181 Ark. 790, 27 S. W.

2d 985. There an instruction was approved by this court which told the jury that if the motorman on a street car in the exercise of ordinary care *could have discovered plaintiff's peril* in time to have stopped the street car, he would be guilty of negligence in failing to do so. Although the words "discovered peril" were used by the court in an instruction in the *Tolliver* case, the words were used in the sense that if the motorman in the exercise of ordinary care could have discovered the plaintiff's position on the tracks and failed to do so, he would be guilty of negligence. This principle of law is based on the duty of those using the streets to keep a proper lookout. The words "discovered peril" were not used in the *Tolliver* case in the sense that the term is used in the legal doctrine of *discovered* peril or *last clear chance.*

Appellants also cite *Arkansas Power & Light Co.* v. *Heyligers,* 188 Ark. 815, 67 S. W. 2d 1021, as sustaining their contention that the doctrine of discovered peril is applicable if the defendant could have made such a discovery. However, the *Heyligers* case was not tried on the doctrine of last clear chance or discovered peril.

It is pointed out in *Sylvester* v. *U-Drive-Em System,* 192 Ark. 75, 90 S. W. 2d 232, that the *Tolliver* and *Heyligers* cases were not tried on the discovered peril doctrine but upon the rule of negligence and contributory negligence. Of course if a user of the public streets negligently fails to keep proper lookout and thereby injures someone, such failure to keep a lookout may be the basis of liability. But such liability would not be founded on the doctrine of discovered peril. The negligent failure to keep a lookout would give rise to the cause of action. In the case at bar the court instructed the jury: "You are instructed by the Court that ordinary care requires of every man who drives a motor vehicle upon a public street to keep a lookout for vehicles or persons who may be upon the street, and to keep his motor vehicle under such control as to be able to check the speed or stop it absolutely, if necessary, to avoid injury to others when danger may be expected or is apparent."

Appellants in effect contend that if the plaintiff negligently gets into a position of peril and the defendant negligently fails to discover such peril, contributory negligence on the part of the plaintiff is no defense; but such is not the doctrine of last clear chance or discovered peril as applied in this state. This court has repeatedly held that it is only when the peril is actually discovered that the doctrine becomes applicable.

In *Sylvester* v. *U-Drive-Em Systems, supra,* it is said: " 'Discovered peril' means peril that is actually discovered, and not peril that might have been discovered." In *St. Louis S. W. Railway Co.* v. *Simpson,* 184 Ark. 633, 43 S. W. 2d 251, it is said: "The discovered peril doctrine, or the doctrine of last clear chance, as it is sometimes called, constitutes an exception to the rule that the contributory negligence of the plaintiff is a bar to his action. Under this doctrine, where one discovered the perilous situation of another in time, by the exercise of ordinary care, to prevent injury to him, it is his duty to do so." In *Roland* v. *Terryland, Inc.,* 221 Ark. 837, 256 S. W. 2d 315, we quoted with approval from *Shearman Concrete Pipe Co.* v. *Wooldridge,* 218 Ark. 16, 234 S. W. 2d 382, "The so-called 'discovered peril doctrine' or the 'last clear chance doctrine', which doctrine, most succinctly stated, is that the contributory negligence of the plaintiff does not preclude a recovery for the negligence of the defendant when it appears that the defendant, by exercising reasonable care and prudence *after discovering* the perilous condition of the plaintiff, could have avoided the injurious consequences to the plaintiff."

In *Strickland Transportation Co.* v. *Gunter,* 8 Cir., 175 Fed. 2d 747, the Federal court recognized that the discovered peril doctrine as applied in Arkansas means peril that is actually discovered and not peril that might have been discovered.

Instruction No. 10 given by the court is as follows: "If you find from a preponderance of the evidence that Jesse Hogue, the driver of the Ford automobile mentioned in the complaints in these suits, was guilty of any

negligence whatever which caused or contributed in any manner, however slight, to the injuries which he sustained, then the Court instructs you that the said Jesse Hogue would be guilty of contributory negligence and the plaintiff, Pairlee Carmichael, Administratrix of the Estate of Jesse Hogue, cannot recover anything in her suit against the defendants herein, for loss of contributions to her or for any mental anguish, if any, she may have sustained.'' Appellants contend that the instruction authorizes the jury to find for the defendants if Hogue, the driver of the automobile occupied by plaintiffs, was negligent, although such negligence may not have been a proximate cause of the collision. No specific objection was made to the instruction on this theory. Plaintiff made a general objection and also a specific objection to the instruction but the specific objection was on the ground that the instruction used the term ''however slight'' and that this language constituted a comment by the court on the evidence. If it was thought that the instruction was defective by not mentioning proximate cause, this point should have been called to the attention of the trial court by specific objection. A general objection to an instruction not inherently erroneous is insufficient. *Trumbull* v. *Martin,* 137 Ark. 495, 208 S. W. 803; see also *McEachin* v. *Burks,* 189 Ark. 947, 75 S. W. 2d 794.

Appellant also complains of the language ''however slight'' in Instruction No. 10, contending that it is argumentative and an expression of the court on the weight of the evidence. A similar instruction has been given in other cases; it is a correct statement of the law. *Arkansas Power & Light Co.* v. *Heyligers,* 188 Ark. 815, 67 S. W. 2d 1021; *Missouri Pacific Railroad Co.* v. *Howell,* 198 Ark. 956, 132 S. W. 2d 176. Here we can not say it was error. We hasten to add, however, that courts should not give instructions that are argumentative, and to emphasize the term ''however slight'' in defining contributory negligence should be avoided unless the nature of the evidence and the position of the parties require a delineation of this refined shading.

Affirmed.