HOPSON PRODUCE *v.* MUNOZ.

5-1745                                          321 S. W. 2d 203

Opinion delivered March 2, 1959.

*Shaver, Tackett & Jones,* for appellant.

*Franklin Jones,* Marshall, Texas, *Bert B. Larey* and *George F. Edwardes,* for appellee.

JIM JOHNSON, Associate Justice.  Appellants prosecute this appeal from a judgment awarding personal-injury damages to appellees Ramona Munoz and Patricia Elsa Munoz, the wife and three-month-old child of Pedro Munoz.

Munoz, and his wife and baby were in the process of moving in their automobile from Chicago to their original home in Laredo, Texas, and the car was loaded with all of their belongings. While traveling in a westerly direction along U. S. Highway 67, some eight miles east of Texarkana, upon a long, straight, level stretch of the two-lane paved highway, the Munoz car was approaching a 200 horsepower truck with refrigerated trailer, leased to appellant Ed Hopson Produce Company, Inc., and being driven easterly by appellant Forrest E. McDonald. There were no other vehicles upon the highway in sight as these vehicles were meeting at about 9:00 p. m. Each vehicle was traveling approximately 45 miles per hour. The right wheels of the plaintiffs' car left the highway and traveled upon the north shoulder of the highway for a distance of 144 feet. Then the car turned at an angle from the north shoulder across the highway. The collision occurred at a point 4 feet and 5 inches south of the center line of the highway.

The testimony is conflicting as to how the collision occurred. Pedro Munoz, the driver of the automobile, claimed when he first saw the truck 600 or 650 feet down the road in front of him, it was gradually getting on his side of the road; he veered to his right to give the truck time to get by; he took the shoulder about 550 feet from appellants' truck; that to avoid the impending collision he swerved to his left and was able to negotiate the turn without turning over, and tried to get across the road and out of the path of the approaching truck. The truck came back on the side of the road Munoz had taken in his effort to escape, and struck the Munoz automobile.

Forrest E. McDonald, the driver of the truck, claimed that when he first saw the Munoz car it was half a mile, or maybe more, away. The Munoz car had one light—the left light was out. McDonald testified, "As we approached each other, he dropped off the road, I thought he was going off on the shoulder and park, and I let off on the truck. I didn't put on the brakes, I let off on it. I figured he was going on the edge of the road.

When I got almost to him, he wheeled across the road. I didn't have time to put on the brakes or anything.'' Following the impact the car turned over a couple of times and came to rest on its wheels. The truck came to rest on its left side. The automobile was demolished and the truck was damaged beyond repair. The Munozes were thrown from the car and the mother and child received very serious injuries. Pedro Munoz sustained comparatively minor injuries requiring no hospitalization. Mrs. Munoz was hospitalized for 15 days in Texarkana, and the baby was hospitalized in Texarkana and Dallas for 62 days. The truck caught on fire and the occupants kicked the windshield out and escaped from the truck.

The Munozes had left Chicago on Sunday, spent the night in Farmington, Missouri, left there at 10:00 o'clock a. m., on Monday, the day of the accident, and drove to the place of the collision.

The truck, loaded with lettuce, had left Phoenix, Arizona, early Saturday morning en route to Memphis, Tennessee. Other than taking breaks along the way, the truck was driven constantly from Phoenix to the point of the collision—the drivers changing from time to time, each driving about the same amount of time, and one sleeping in the bunk while the other drove.

One of the assignments of error on appeal is that the court erred in giving Instruction No. 21, which reads as follows:

''You are instructed that if you preponderantly find from the evidence in this case that the driver McDonald discovered the position of the Munoz automobile and the perilous position or condition of the occupants thereof, *or could have timely discovered the same by the exercise of due care,* it would then become the duty of the operator of said truck to use all reasonable means within his power, consistent with the safe operation of his truck, to avoid the striking of said automobile, and if he failed to exercise such precaution after he discovered, *or could have discovered such position,* and you further find from the preponderance of the evidence that the collision and

resulting damages, if any was caused by such failure on the part of the driver of the said truck, then you are told McDonald would be guilty of negligence which was a proximate cause of the collision." (Emphasis supplied.)

The trial court was of the opinion that the evidence in this case did not justify submitting to the jury the issue of discovered peril and refused to give certain instructions requested by appellee dealing with that doctrine. We agree that the evidence is not sufficient to give rise to the discovered peril theory. See: *Houck* v. *Marshall,* 198 Ark. 938, 132 S. W. 2d 181; *Roland* v. *Terryland, Inc.,* 221 Ark. 837, 256 S. W. 2d 315. But, if Instruction No. 21 is based on the theory of discovered peril, it is erroneous because of the wording "or could have timely discovered the same by the exercise of due care." In the case of *Carmichael, Adm.* v. *Mercury Motors, Inc.,* 224 Ark. 553, 275 S. W. 2d 15, it is pointed out that "discovered peril" means peril that is actually discovered and not peril that might have been discovered.

If the instruction is not based on the theory of discovered peril but on the principle of failing to keep a lookout, it is erroneous because the instruction told the jury that a failure to discover the peril of appellee would be negligence on the part of the driver of the truck and a proximate cause of the collision. Whether the failure to discover the position of Munoz was negligence on the part of the truck driver, and a proximate cause of the collision, was a fact to be determined by the jury and peculiarly within the province of the jury. *Doniphan Lumber Co.* v. *Henderson,* 100 Ark. 53, 139 S. W. 649.

We conclude that the Court's Instruction No. 21 was erroneous. We do not discuss the other instructions because any defects in them will probably be eliminated on retrial in the light of this opinion.

For the error indicated, the judgment is reversed and the cause is remanded.