CURTIS CIRCULATION CO. *v.* HENDERSON.

5-2276                                    342 S. W. 2d 89

Opinion delivered January 16, 1961.

*Wootton, Land & Matthews,* for appellant.

*Walter J. Hebert* and *Curtis L. Ridgway, Jr.,* for appellee.

JIM JOHNSON, Associate Justice. This case arises out of a judgment for damages resulting from an automobile collision. The damages were rendered against the appellant because of the negligent acts of an individual who was driving appellant's motor vehicle and who was at the time of the collision appellant's employee. There are two principal issues on appeal: (1) Was appellant's employee acting within the scope of his employment when the collision in question occurred? and (2) Was the jury properly instructed?

## I.

It was undisputed that at the time of the collision an employee of appellant, driving a vehicle owned by appellant, collided with the vehicle owned and occupied by plaintiffs. Upon this showing, an inference or presumption of fact arose that at the time of the collision the employee was acting within the scope of his employment and in the furtherance of his master's business, which presumption might be overcome by evidence to the contrary. See: *Ford & Son Sanitary Co.* v. *Ranson,* 213 Ark. 390, 210 S. W. 2d 508, and cases there cited. The point in issue on this appeal is whether this presumption was overcome as a matter of law or whether it was an issue of fact for the jury. The distinction between presumptions of law and fact is clearly drawn in *Mullins* v. *Ritchie Grocer Co.,* 183 Ark. 218, 35 S. W. 2d 1010, where we said:

"We adhere to our ruling that the defendant's ownership of the car, coupled with proof that the driver at the time of the accident was in the regular employment of the defendant as salesman and had general charge of the car, raises a presumption that he was acting within the scope of his authority. In this connection it may be stated that there is a distinction between presumptions of law and presumptions of fact which is clearly and fully stated in Wigmore on Evidence, vol. 5, (2d Ed.) § 2491. To illustrate, we have a statute making railroads responsible for all damages to persons and property done or caused by the running of trains, and proof of the injury under the statute makes a prima facie case for the plaintiff. It is a presumption of law based upon public policy as declared by the Legislature. The presumption thus raised by law does not of itself possess probative weight. Hence, when evidence is introduced rebutting the presumption, it may be overcome, and, where the evidence of the basic facts is undisputed, the legal presumption will disappear and no longer exist.

"The presumption with which we are dealing in the present case is not a legal presumption, but is an inference or presumption of fact. Its existence is called into being by proof introduced on the subject and not by any statute dealing with the question. This being so, the opposing evidence must be weighed by the jury, for the reason that under Article 7, § 23, of our Constitution, the jury is the judge of the facts proved. . ."

In arguing that this presumption of fact in the case at bar was rebutted as a matter of law and that there was no question for the jury on this issue, the appellant relies, primarily, on the testimony of Marion B. Burkhalter, who was a party defendant, and the testimony of Martha Elmore, who was a passenger in appellant's car at the time of the collision. Burkhalter's testimony may not be taken as uncontradicted. He was a party and his testimony was contradicted as a matter of law. *Cousins v. Cooper*, 232 Ark. 605, 339 S. W. 2d 316. Mrs. Elmore was extremely vague about many things that occurred in a

three day period when she was with the employee constantly and during which the collision occurred. In fact, she stated "That I don't remember too much about," when asked to detail what happened on the trip from Hot Springs to Malvern during which the collision occurred. She further stated that after the collision they went to Jones Mill but that she did not know where they went thereafter. The record shows that the employee was a married man with a family who was on a drunken spree with Mrs. Elmore as his companion. This relationship was obviously illicit and immoral. The fact that she could not remember much about occurrences on the night in question gives rise to the inference that she was also drinking. Therefore, even though she said that the employee transacted no business on behalf of the employer on the trip which resulted in the collision, such testimony did not require a finding that, as a matter of law, the employee was not acting within the scope of his employment. We have repeatedly held that a jury does not have to blindly accept everything that a witness may say. As we said in *Reserve Loan Life Ins. Co.* v. *Compton,* 190 Ark. 1039, 83 S. W. 2d 537:

". . . It has long been the established rule in this state that the weight of the evidence and the credibility of the witnesses is solely within the province of the triers of fact. They may believe such part of the testimony or the testimony of any witness which they believe to be true and they may disregard such part of the testimony or such part of any witnesses' testimony which they believe to be false, or they may disregard any part of the testimony of any witness about which the witness might be mistaken. See *Gibson Oil Co.* v. *Bush,* 175 Ark. 944, 1 S. W. 2d 88, and *Warren & Saline River Railroad Co.* v. *Wilson,* 185 Ark. 1063, 50 S. W. 2d 976."

## II.

For reversal, appellant contends that the following instruction was error:

"The test of a master's liability for wrongful acts of a servant is whether the act was done while on a

mission or carrying out the purpose and object of the mater's business and if you find in this case, from a preponderance of the evidence, that William C. Brown was so acting at the time of the collision in question, then you may return a verdict in favor of the plaintiffs in such sum or sums as you may determine to be due them under the other instructions given you herein.''

Appellant complains that this instruction was a ''binding instruction'' and was erroneous because it required a finding for plaintiff without a finding that the employee was negligent, which issue was omitted from the instruction. We cannot agree that this is a binding instruction. It should be noted that the instruction says that the jury ''may'' return a verdict for the plaintiffs. It does not say that the jury ''shall'', ''must'', or ''will'', return such a verdict. Appellant cites *Des Arc Oil Mill* v. *McLeod,* 137 Ark. 615, 206 S. W. 655, as holding that a similar instruction was erroneous. Upon re-examination of the cited case we find that the case does not hold that the instruction is ''binding''. The case does show that the trial court did not give a proper instruction on the defense of assumed risk and therefore the omission of this defense in the instruction quoted in the case did amount to error. However, the case does not hold that the error could not have been cured by a separate instruction properly stating the defense of assumed risk and the consequences of a finding that the risk was assumed. In the case now before us, we find that the defendant's requested Instruction No. 4, which was given, and defendant's requested Instruction No. 8, as amended and given, adequately advises the jury as to negligence and necessity of first finding that the employee was negligent before finding for the plaintiffs. In *Roland* v. *Terryland,* 221 Ark. 837, 256 S. W. 2d 315, we quoted 53 Am. Jur. Sec. 547, as follows:

''The . . . 'instructions given to the jury should be complete, and should cover all material issues supported by the evidence adopted . . . However, it is not necessary that the law applicable to all questions in a case be

stated in each instruction in a series, it being sufficient if all, when considered as a whole, state the law correctly'."

While we do not believe that the giving of plaintiff's requested Instruction No. 2, as set out herein, necessitates a reversal, we do not wish to be understood as approving its form. Upon a retrial it should be revised to include the missing elements.

### III.

Appellant complains of the giving of plaintiff's requested Instruction No. 1, which reads:

"You are told that if the servant, at the time of inflicting the injury, was acting within the scope of employment, or apparent scope thereof, and such injury was proximately the result of some wrongful or negligent act, the improper conduct is attributable to the master. This is true, although the servant acted in wilful disobedience of orders or prescribed rules of conduct; but, if on the other hand, in disregard of the duties of his employment, he leaves his employer's business, though momentarily, and engages in enterprises that are wholly his own, and while so engaged in accomplishing such individual desires or objectives, he wrongs another, he alone is responsible."

The complaint is that the part of the instruction which reads: "or apparent scope thereof" was abstract. In this, we agree. There was no evidence showing anything from which any inference as to "apparent scope of authority" could be drawn. Further, the doctrine of "apparent scope of authority" has no application in tort cases unless there has been a reliance upon apparent authority which caused the injury complained of. See: Restatement of Agency 2d, Sec. 265, Subsection 2, p. 575, and comment on same at page 576. For the error indicated, the case is reversed and remanded for a new trial.

Justice Robinson is of the opinion that the instruction discussed under point 2 herein is binding and the case should also be reversed for that reason.

Robinson, J., concurs.