Moss *v.* Infield.

5-2536                                         352 S. W. 2d 584

Opinion delivered January 8, 1962.

*Mark E. Woolsey,* for appellant.

*Barber, Henry, Thurman & McCaskill,* for appellee..

Ed. F. McFaddin, Associate Justice. This appeal stems from a collision of two motor vehicles. Appellant. Moss was plaintiff and appellee, Mrs. Infield, was defendant. For convenience, we will refer to the parties. as they were styled in the Trial Court. The jury verdict was for the defendant; and the plaintiff brings this. appeal, urging two points for reversal.

I. *Sufficiency Of The Evidence.* Plaintiff says: ".  .  . the verdict of the jury was arbitrary, not being supported by, but contrary to, the evidence." The collision occurred at the intersection of Eighth Street and West Jonesboro Drive in Little Rock. The plaintiff was driving south on West Jonesboro Drive towards the Eighth Street intersection, and the defendant was driving east on Eighth Street towards said intersection. It was stipulated that at this intersection West Jonesboro Drive is eighteen feet wide and Eighth Street is twenty-two feet wide.

The plaintiff testified: that he was driving south towards the intersection at a speed of twenty to twenty-

five miles an hour; that when he first saw the defendant she was about fifty feet west from the intersection and slowing down; that when he was about twenty-five feet north from the intersection he realized that the defendant was not going to stop; and that the plaintiff applied his brakes in a vain effort to stop. The plaintiff also testified that the defendant was going so slow he thought she would stop at the "yield" sign on Eighth Street, but, instead, she proceeded on into the intersection; and that after plaintiff applied his brakes the front of his car hit the rear door and fender of the defendant's car. It was stipulated that the point of impact occurred nineteen feet south of the north line of Eighth Street and fourteen feet east of the west line of West Jonesboro Drive; and that plaintiff's car left fourteen feet of solid skid marks before the point of impact. The plaintiff insists that the defendant was negligent in failing to yield the right-of-way in accordance with the "yield" sign.

The defendant's version of the collision is different. She testified that she was traveling east on Eighth Street at a speed of ten to twenty miles per hour; that when she was almost to the West Jonesboro Drive intersection, she looked north up West Jonesboro Drive and saw no one approaching; and that she then proceeded cautiously into the intersection and was well past the center of the intersection when plaintiff's car, "which came out of nowhere," struck the left rear door and fender of her car.

Whose fault caused the collision? That was for the jury, and we cannot say that the verdict was in error. If the jury believed the defendant's version—as it did—then the jury could have concluded that the defendant first entered the intersection, that the plaintiff was driving very fast to have skidded fourteen feet, and, therefore, must have entered the intersection well after the defendant, who was proceeding cautiously. It is clearly apparent that the defendant was past the center of the intersection and proceeding east when her car was struck by the plaintiff's car; and it was further shown that the

plaintiff did not veer his car in any way to the right in order to avoid the impact. With such a contradiction in the testimony, it was for the jury to decide which witnesses to believe; and we leave the verdict undisturbed.

II. *Instructions.* The only instruction to which the plaintiff objected and now claims to be erroneous is Defendant's Instruction No. 8, which reads:

''You are instructed that the driver of a vehicle approaching a yield the right of way sign shall in obedience to such sign slow down to a speed that is reasonable under the existing conditions or shall stop if necessary, and shall yield the right of way to any vehicle in the intersection or approaching on another highway so closely thereto as to constitute an immediate hazard. However, you are further instructed that under Arkansas law the said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection shall yield the right of way to the vehicle so proceeding.

''A violation of a traffic law is not negligence within itself but if you find that there was such a violation you may take it into consideration, along with all of the other evidence in the case, in determining if the party charged with negligence was guilty thereof.''

To this instruction the plaintiff offered only a general objection, and he concedes that this instruction is not inherently erroneous. A general objection is not sufficient unless an instruction is inherently erroneous. *Trumbull* v. *Martin,* 137 Ark. 495, 208 S. W. 803; and *Carmichael* v. *Mercury,* 224 Ark. 553, 275 S. W. 2d 15.

Finding no error, the judgment is affirmed.