ARK. STATE HIGHWAY COMM. *v*. ADDY.

5-1986                    329 S. W. 2d 535

Opinion delivered December 14, 1959.

*W. R. Thrasher, Dowell Anders, O. Wendell Hall, Jr., W. B. Brady, Thomas B. Keys,* for appellant.

*C. M. Carden,* for appellee.

J. Seaborn Holt, Associate Justice. Appellant, Arkansas State Highway Commission, by proper procedure condemned and took possession of 4.622 acres of appellee's land for highway purposes. A jury trial resulted in a verdict in appellee's favor in the amount of $22,500.00 as damages for the taking of their land. From this judgment, which appellant insists is excessive, comes this appeal.

For reversal, appellant relies on but one point: "There is no substantial competent evidence to support the allowance of $22,500.00 as damages for the taking of the land."

Appellees owned before condemnation 9½ acres outright and leased 2 additional contiguous acres on the corner, upon which they had operated for some two years a commercial amusement attraction known as a speed bowl for racing stock cars, a form of automobile racing.

There was testimony from a number of witnesses on behalf of appellees. Lee Trickett, who had been in the real estate business in Benton for some five years, testified that the value of the land before taking was $1,-250.00 per acre and $1,000.00 per acre after taking; or $26,389.98 including improvements, before taking and only $5,695.70 for the land after the taking and appellee's damages amounted to $20,694.28.

Appellant's witness, Mack Wilson, an employee of the State Highway Department with wide experience as a land appraiser, valued the land at $1,000.00 per acre before and $750.00 per acre after the taking, or that the value of appellee's property (the 9½ acres plus the 2 leased acres) before taking was $16,500.00, after taking $9,600.00 and that appellee's damages amounted to $6,900.00.

Wesley Adams, a witness for appellees, testified that his business was that of "realtor and appraiser" — that he had been "in the real estate business since 1939 and in the appraisal business since 1947"; that he is a member of the American Society of Appraisers and had recently appraised property in Saline County for

appellant. He testified that the value of appellee's property before the taking was $29,000.00, after taking only $3,000.00, and that appellees had been damaged in the amount of $26,000.00.

Fay Wallace testified that appellees has been damaged by the taking of their property $6,750.00 and A. W. Emmerling testified that their damages amounted to $6,-550.00. It thus appears that there is a wide difference in the views of the witnesses as to the amount of damages that appellees have suffered. The highest damages were placed at $26,000.00 by appellee's witness Adams and the lowest at $6,550.00 by Mr. Emmerling. In these circumstances it becomes the duty of this court to determine whether there is any substantial evidence to support the jury's verdict and in determining this question our rule is well settled that we must view the evidence in the light most favorable in support of the jury's verdict and when we have done so here we cannot say that there was no substantial evidence to support the verdict rendered by the triers of the facts, the jury. The test is clearly stated by this court in *Hot Springs Street Railway Company* v. *Hill*, 198 Ark. 319, 128 S. W. 2d 369, in this language: "In determining the sufficiency of the evidence to support a verdict, we must view the evidence with every reasonable inference arising therefrom in the light most favorable to the appellee, and if there is any substantial evidence to support the verdict, it cannot be disturbed by this court. If the evidence on the part of the appellee, although contradicted by evidence of the appellant, is of a substantial character, evidence that the jury could reasonably have believed, the case will not be reversed because of the insufficiency of the evidence, although this court may think that the verdict is against the preponderance of the evidence."

While it appears to us that the amount of damages allowed in this case is liberal in the extreme, however, as indicated, we think there was some substantial evidence to support it and accordingly, we must and do affirm.