ARK. STATE HIGHWAY COMM. *v.* WITKOWSKI.

5-2867                                        364 S. W. 2d 309

Opinion delivered February 4, 1963.

*Dowell Anders* and *Edward H. Boyett*, for appellant.

*Russell & Hurley,* for appellee.

FRANK HOLT, Associate Justice. This is an appeal from a condemnation proceeding. The appellant, the Arkansas State Highway Commission, brought this suit to acquire land in the Crystal Hill area of Pulaski County needed for the construction of a portion of Interstate Highway No. 40. Four different tracts of land, each belonging to the appellees, M. E. and Ann Ruth Witkowski,

were involved in this proceeding and separate verdicts were rendered as to each tract. This appeal relates only to tract 41 which consists of 9.05 acres from a part of 41.88 acres. The other three tracts consist of several platted lots. Tract 41, or the 9.05 acres, is raw acreage. Other facts pertinent to this appeal are discussed in connection with the three points appellant urges for reversal.

POINT 1. Appellant contends that it was reversible error for the court to admit in evidence appellees' Exhibit A and B, with testimony relative thereto, which are plats showing the subject property as being divided, into lots, blocks and streets.

Exhibit A is a map showing the general location of appellees' four tracts of property in relation to other property in the same area, some of which is subdivided into lots, blocks and streets and some of which appears as raw acreage. The map also represents that a large portion of the 9.05 acres involved [tract 41] is divided into two tiers of lots numbered 1-25 with a street running between the two rows.

Exhibit B is another plat or map showing only the same numbered lots, their size, a street, a road and 31.5 acres of appellees' property as being "reserved for future development."

Appellees, landowners, purchased this property in 1954 and began to subdivide it in 1956. They were also successful in bringing to this property such improvements as a road, gas and water lines. In February, 1961, before the taking of the property in September, 1961, appellees had their regularly employed civil engineer prepare Exhibits A and B in furtherance of their plans to subdivide the property for residential purposes. This property is in the midst, or nearby other property which is platted into and recorded as subdivisions.

Appellee, M. E. Witkowski, had previously acquired other property and developed such into subdivisions. This was his fifth such venture. It is undisputed that the highest and best use of the property in question is for residential purposes. These exhibits were offered and

admitted in evidence only for the limited purpose of showing the highest and best use of the property as being for residential purposes and for the further purpose of showing the improvements existing thereon [gas and water lines and gravel road] some several months before the taking by the appellant. This evidence could not result in conjecture or speculation by the jury as to market value to the prejudice of appellant. *Ark. State Highway Comm.* v. *O & B Inc.*, 227 Ark. 739, 301 S. W. 2d 5.

Appellant urges that the exhibits are inadmissible as evidence in view of our ruling in *Arkansas State Highway Comm.* v. *Watkins*, 229 Ark. 27, 313 S. W. 2d 86. The facts in that case, on this point, are quite different. There testimony was admitted as to the number and value per lot of the property. It is true that witnesses in the case at bar testified they considered the value of other lots in the area; however, there was no testimony as to the value per lot of the subject property. The testimony, as to value, was on a raw acreage basis of the tract. Thus, we hold that the court was correct in admitting appellees' Exhibits A and B under the facts in this case.

POINT II. Appellant next contends that there was reversible error by the court in permitting E. T. Caldwell, a witness for appellees, to testify as to a comparable sale of property by him without the proper foundation of comparability to the property in question. Mr. Caldwell testified that he had recently sold, for $1,900.00, a block of land 150 feet wide and 284 feet long located in the Crystal Hill area. Mr. Caldwell testified that although he lived in the Crystal Hill area he did not know Mr. Witkowski or the location of any of his property. The only evidence as to proximity to subject property is reflected by appellees' Exhibit A and then proximity must be based upon conjecture. No further evidence by Mr. Caldwell or any other witness was offered to show a comparison or similarity between the Caldwell and Witkowski property [tract 41].

Evidence of a sale of property to establish the market value of another is admissible when similarity be-

tween the two tracts has been shown. *City of Little Rock v. Sawyer,* 228 Ark. 516, 309 S. W. 2d 30.

There can be no fixed definition of similarity or comparability. Similarity does not mean identical, however it does require some reasonable resemblance. See Nichols, Eminent Domain, Vol. 5, § 21.31, p. 439. There are certain criteria of similarity which can be utilized to establish a reasonable resemblance. Important factors of similarity to be considered are location, size and sale price; conditions surrounding the sale of the property, such as the date and character of the sale; business and residential advantages or disadvantages; unimproved, improved or developed land. None or any combination of these criteria were sufficiently shown, "connected up" or "tied in" as between the Caldwell and Witkowski tracts to establish a reasonable resemblance. In the case at bar the jury could only speculate in applying the evidence in question to the market value of the subject property.

Since the proper foundation was not laid for the admissibility of the questioned evidence, we must consider this prejudicial error for which we reverse this case.

POINT III. Appellant next contends that it was reversible error to refuse to strike the testimony of appellees' witness, Thomas Cox, because he was not sufficiently familiar with the subject property to testify as to the value of same on a "before and after" basis. Since this case is being reversed we see no need to discuss this point inasmuch as this alleged error is not likely to occur in another trial.

Reversed.