ARK. STATE HWY. COMM. *v.* JAMES H. SARGENT' ET UX

5-4085                    410 S. W. 2d 381

Opinion delivered January 16, 1967

*George O. Green* and *Don Langston,* for appellant.

*Robinson & Rogers* and *Hardin, Barton, Hardin & Jesson;* By: *Robert T. Dawson,* for appellee.

JOHN A. FOGLEMAN, Justice. On May 25, 1965, the State Highway Commission took from appellees 5.92

acres of an L-shaped tract of land at Alma near both Highways 64 and 71 for construction of a part of Interstate Highway No. 40. On December 15, 1965, a jury awarded the landowners $31,500.00 as just compensation. Appellant has appealed from the judgment of the jury verdict on the ground that there is no substantial evidence to support the verdict which it contends is grossly excessive. The argument is based largely upon the contention that there was no basis, or an improper one, for the testimony of witnesses as to values of the land.

A review of some of the rules followed by this court in such cases will indicate our reasons for affirming the judgment of the lower court.

1. The question of the sufficiency of the evidence, in cases in which the challenge is that the verdict is excessive in that there is no substantial evidence to support it because there is no fair and reasonable basis for the opinions of witnesses who testify as to value, is one of law. *Arkansas State Highway Commission* v. *Dupree,* 228 Ark. 1032, 311 S. W. 2d 791; *Arkansas State Highway Commission* v. *Carder,* 228 Ark. 8, 305 S. W. 2d 330.

2. In making such a determination this court must review the testimony in the light most favorable to appellees and indulge all reasonable inferences in favor of the judgment. *Arkansas State Highway Commission* v. *Carder, supra.*

3. If there is any substantial evidence to support the verdict it cannot be disturbed. *Arkansas State Highway Commission* v. *Addy,* 231 Ark. 381, 329 S. W. 2d 535; *Arkansas State Highway Commission* v. *Dupree, supra.*

4. (a) The credibility of witnesses who testify concerning damages is a matter for determination by the jury.

(b) The jury has great latitude in considering the testimony as to damages.

(c) It is no ground for reversal that the verdict might appear to us to be contrary to the preponderance of the evidence.

(d) A verdict will not be set aside as excessive unless it is so excessive as to indicate passion, prejudice, or an incorrect appreciation of the law applicable to the case, even though the award may appear liberal. *Arkansas State Highway Commission* v. *Kennedy*, 233 Ark. 844, 349 S. W. 2d 132; *Arkansas State Highway Commission* v. *Carder, supra; Arkansas State Highway Commission* v. *Addy, supra.*

5. The correct measure of market value in these cases is the market value at the time of the taking for all purposes, comprehending its availability for any use to which it is plainly adapted, as well as the most valuable purpose for which it can be used and will bring the most in the market. *Fort Smith and Van Buren Bridge District* v. *Scott*, 103 Ark. 405, 147 S. W 440; *Arkansas State Highway Commission* v. *Brewer*, 240 Ark. 390, 400 S. W. 2d 276.

6. (a) On direct examination a witness testifying about values should not be allowed to repeat hearsay statements made by others or to testify about mere offers or other matters inadmissible under the rules of evidence.

(b) If cross-examination demonstrates that a witness has no reasonable basis whatever for his opinion, his testimony should be stricken.

(c) If cross-examination shows that the witness has a weak or questionable basis for his opinion, that fact has a bearing upon the weight to be given his testimony.

(d)  The cross-examining attorney, however, is not entitled to embark upon a fishing expedition with immunity from any unfavorable information he may elicit. He acts at his peril in putting a question that may evoke an answer damaging to his case. *Arkansas State Highway Commission* v. *Russell,* 240 Ark. 21, 398 S. W. 2d 201.

7.  (a)  A witness who does not express an opinion as to the value of the property may not testify about the sale of property in the same area without any evidence being offered to show a comparison or similarity between the properties.

(b)  There is no error in admitting testimony of witnesses who state values on undeveloped, unsubdivided lands, on a raw acreage instead of a per lot basis. *Arkansas State Highway Commission* v. *Witowski,* 236 Ark. 66, 364 S. W. 2d 309.

8.  A landowner who shows that he is intimately familiar with the property is competent to state his opinion as to the value of the land (even where he admits on cross-examination that he took into consideration an otherwise inadmissible offer to purchase part of it). *Arkansas State Highway Commission* v. *Russell, supra.*

Viewed in the light most favorable to appellees, as we must do, 5.92 acres of land were taken from a tract of land containing approximately 12 acres with a frontage of 132 feet on Ray Lane, a blacktop street, located approximately one-quarter of a mile from Highway No. 64 [from which it was accessible by way of Rudy (Maple Shade) Road and a street] and less than an eighth of a mile from Highway No. 71. The original tract was accessible from the north by Fine Springs Road and a street. On this land was located a frame dwelling house consisting of seven rooms and a bath which cost $10,-400.00 when built about 1948 or 1949, a barn (with gas

and water), an outbuilding, tool shed, and a pond. The topography was rolling and there was some low land but it was not too low for a house. Room for a road leading to the rear of the tract had been left on the frontage and the power line easement across a part of the property could also be utilized for a road. The owners had gas, water and electricity and all utilities are available. The highest and best use of the property was for residential lots. It was the best property for that purpose in Alma because all expansion was going that way. It was right in the center of the city where there is a lot of development and where property is in demand. The tract was about three and one-half blocks from the school, a distance more desirable than just across the street from it. It was across the street from one tract from which residential lots had been sold and within four blocks of another.

The taking of this right-of-way left about one and one-half acres on the north side in a triangle coming to a point and about five acres on the south side, to neither of which was there any access and for which there was no potential market save the possibility of sale to an adjoining owner.

The value of the tract before the taking was in a range from $31,500.00 to $37,500.00 and the value after the taking ranged from $600.00 to $1,800.00. (Appellant's witnesses fixed the value of the remainder at $2,000.00.)

Witnesses testifying as to values were:

James H. Sargent—the owner, a life-long resident of the county who had lived on the property since 1948 or 1949 in a dwelling house built by him.

Jay Neal—who lived three and one-half to four miles from the property with which he had been familiar for sixty years; who deals in real estate and had done appraisal work for appellant on lands between Van Buren and Alma.

Mack Bolding—in the farming and real estate business, who had lived in Alma off and on all his life, only one and one-quarter miles from the property in question for fourteen years, and who had been familiar with it for twenty-five or thirty years; who had been a licensed real estate broker since 1962; who had bought and sold lands near Alma and throughout Crawford County.

Bobby Gelly—who had lived in Crawford County all his life; had been a licensed real estate broker for nine years which followed ten years in the building business; who had made appraisals for numerous individuals, banks and different agencies and had done appraisals on a government housing project; and who had taken a course in appraisal work at Southern Methodist University.

All of these witnesses expressed their familiarity with fair market values of real estate in the vicinity. Their qualifications were such as to permit them to express opinions as to the fair market value of the Sargent property before and after the taking. This court has many times held that the owner of real property was qualified to express an opinion as to its value when his familiarity with the property was shown. If the testimony of these witnesses had any reasonable basis, however weak and questionable it may have seemed, the jury might well have accepted their valuations and it cannot be said that the verdict is excessive, being well within the range of damages testified to by witnesses for appellees.

The only real question raised by appellant is the contention that appellees and their witnesses based their value opinions upon the sale price of lots from properties that had been subdivided.

In explaining on cross-examination that he did not base his opinion on the lot sales, witness Bolding said that appellees' property could have been platted into

about three lots per acre, but none of the witnesses based his value opinion upon any number of lots that could be sold by the Sargents. It is true that most of the witnesses stated on cross-examination that they had taken into consideration the prices at which residential lots in the vicinity of the Sargent property were selling. Some of these lots were from the Young tract just across the street and others were from the Littlefield tract three and one-half or four blocks away. The sale prices mentioned were from $1,750.00 to $2,000.00 per lot. While no one other than Bolding testified as to the number of lots that could be platted on appellees' tract, the per acre average values, exclusive of improvements, given by their witnesses ranged from $2,000.00 to $2,-500.00. As witness Bolding pointed out on cross-examination, if the value opinion had been based on the sale of these lots it would have been a lot higher. This witness never stated that he based his opinion on these lot sales, although he admitted, on cross-examination, that one of the properties was somewhat comparable to the Sargent property. His testimony alone would have constituted substantial testimony upon which the jury verdict might have been based. However, the testimony of witnesses Neal and Gelly was not rendered without any reasonable basis merely because on cross-examination appellant's counsel elicited from them answers that they based value figures partially on what lots were selling for in the area.

On the question of sufficiency of the evidence, appellant relies principally upon the holding that the statement of a conclusion as to market values by a witness does not necessarily mean that the evidence given by him is substantial when he has not given a satisfactory explanation of how he arrived at the conclusion. *Arkansas State Highway Commission* v. *Byars,* 221 Ark. 845, 256 S. W. 2d 738. The situation here is quite different from the *Byars* case where the opinion indicates that no basis whatever was given by the value witnesses for their opinions of market values before and

after taking, even to the extent that in valuing farm lands not shown to be suitable for any purpose except the production of livestock and hay, not a single witness gave any testimony whatever as to the number of livestock it would support or the amount of feed that could be grown thereon.

Here the witnesses gave a reasonable basis for their opinions and while appellant may have raised questions on cross-examination relating to the credibility of the witnesses and the weight to be given to their testimony, these matters were exclusively for determination by the jury which found against the contentions of appellee in that regard.

The situation is also different in this case from that in *Arkansas State Highway Commission* v. *Witowski*, 236 Ark. 66, 364 S. W 2d 309, where the judgment was reversed because a witness who did not express an opinion as to the value of the property involved, testified only as to the sale of property in the same area without any evidence being offered to show a comparison or similarity between the properties. In this case the court found no error in the testimony of witnesses that they considered the value of other lots in the area when the values were given on a raw acreage and not a per lot basis.

The situation in this case is very different from that which prevailed in *Arkansas State Highway Commission* v. *Watkins*, 229 Ark. 27, 313 S. W. 2d 86, cited by appellant. Here no plat was introduced showing how the property might be subdivided and there were numerous factors brought out to show the difference in this property and property that had been subdivided and sold (such as the existence of a power line easement across part of the property, accessibility to paved streets, the necessity for laying out streets, conditions as to utilities, topography, relative locations with reference to school, etc.,) from which a fair and equitable

comparison and adjustment could be made.

In considering testimony based on comparable sales, it must be remembered that no two tracts of real estate are identical. Reasonable latitude must be allowed in evaluating sales and adjusting or compensating for differences in similar lands. It would not be reasonable to suppose that residential development in the immediate vicinity of a tract of land would have no bearing on the market value thereof, or that one making a study of values of the tract would give no consideration whatever to the sale of such lots, the prices they would bring and the similarities and dissimilarities of the respective tracts.

The judgment, under the rules above stated, must be affirmed.