Jerry D. NIPPER *v.* BRANDON
·COMPANY & Roosevelt JOHNSON

77-49                                           553 S.W. 2d 27

Opinion delivered July 5, 1977
(Division II)

*McMath, Leatherman & Woods,* by: *James Bruce McMath,* for appellant.

*Gannaway, Darrow & Hanshaw,* for appellees.

DARRELL HICKMAN, Justice. This is a case involving some finer points of the master-servant, or as we would say now, employer-employee relationship. The question presented is the legal and factual problems that arise when an employee causes an accident while driving his employer's vehicle. The finer points are: when does an employee return to the scope of his employment after deviating to perform a personal un-authorized errand; and, what is the law regarding the proof necessary to create a question of fact for the jury in such a situation.

The facts are not disputed. Roosevelt Johnson was a delivery truck driver for Brandon Company, a Little Rock wholesale company. He mostly delivered goods in the Little Rock-North Little Rock metropolitan area. His instructions were to deliver goods, taking the nearest and best route, but he had discretion in selecting the route. He had permission and did drive the company truck home after work. However, he was instructed never to use the truck for personal busi-ness. He was also told to never run a personal errand with the truck during his regular working hours.

On the afternoon of the 5th of January in 1973 Johnson

left Rose City in North Little Rock after making a delivery. He had one more delivery to make and that was to Quality Floor Covering Company in southwest Little Rock. Johnson testified that the nearest and best route from Rose City to Quality would have been to proceed to Interstate 30 and go south to the exit at Geyer Springs Road. Johnson proceeded to the interstate but instead of taking the Geyer Springs exit, he turned off the interstate onto Cantrell Road to run a personal errand. After he got on Cantrell Road he turned off into a warehouse complex about a mile or so west of the interstate. He was on a personal errand for about five minutes. He returned to Cantrell Road and turned back east to proceed to deliver the goods to Quality. He stated he could have turned west on Cantrell to go to Quality but he chose the eastern route because of traffic conditions at that time of day. After he turned onto Cantrell Road and had proceeded about a half mile, his truck struck the rear of Jerry Nipper's vehicle. Nipper was injured and sued Johnson and Brandon. Negligence and damages are not issues on appeal.

The trial court gave the jury standard instructions on the liability of an employer for the acts of an employe. The instructions, all taken from Arkansas Model Jury Instructions, defined scope of employment and pointed out certain evidence the jury could consider in determining whether or not Johnson was acting within the scope of his employment at the time of the accident. AMI 702 and 703.

The court explained with an instruction that if an employee abandons the business of his employer to perform an act or engage in an activity for his own exclusive purpose and not in furtherance of his employer's interests, then that act or activity is not in the scope of the employment. AMI 704.

These instructions were correct statements of the law. The jury found for Nipper and awarded him a $35,000.00 judgment against Brandon and Johnson. Brandon asked the trial court to set aside the judgment against it because, as a matter of law, Johnson was on a personal errand at the time of the accident, therefore outside of his scope of employment and, consequently, Brandon was not liable for Johnson's negligent act. The trial court did set aside the verdict.

Nipper appeals alleging one error: the trial court erred in setting aside the judgment because the jury was properly instructed on the law and there was substantial evidence upon which a jury could find that Roosevelt Johnson at the time of the accident was acting in the scope of his employment.

We agree the trial court erroneously set aside the verdict. The question of liability was properly submitted to the jury, the court improperly determined that it was a question of law as to Johnson's status at the time of the accident and the verdict is supported by substantial evidence.

The attorneys for the parties have submitted excellent briefs. Brandon relies on one of our cases decided in 1962, *Davis* v. *Kukar, Adm'x.,* 235 Ark. 139, 357 S.W. 2d 275. In the *Davis* case an employee-tractor driver had deviated from his mission to run a private errand. The employee was returning to the place from which he left his mission when he caused an accident. The accident occurred just forty-five feet from the point of departure. We held that the jury should have been told as a matter of law that the tractor driver was at the time of the accident outside the scope of his employment.

Here Johnson had returned to his mission to deliver the goods. He was no longer on a private errand. Although Johnson could have turned east or west on Cantrell to proceed to deliver the goods, he decided to go east which, according to his testimony, would have been the best and most convenient route from where he was. Although Johnson had not reached the place of deviation, he caused the accident while enroute to deliver his employer's goods. In the *Davis* case, the employee could not continue on his mission until he reached the point of departure.

The jury could have found Johnson was acting in furtherance of his employer's interests based on these facts. It was for the jury to decide, not the trial court, whether at the time and at the place he was acting within the scope of his employment or acting for his own exclusive purpose.

The appellant argues that when a jury is given AMI 703

it may draw an inference that the employee is acting within the scope of employment at the time of the accident. The appellees argue that simply because a regular employee is driving a vehicle owned by the employer, this is not sufficient evidence to support a finding that the employee was acting within the scope of employment at the time of the accident.

When a regular employee is driving a vehicle owned by the employer, and an accident occurs, there is a presumption of fact that the employee is acting within the scope of his employment. It is a presumption of fact which imposes on the other party, against whom the presumption is directed, the burden of overcoming this presumption. Ark. Stats. Ann. § 28-1001, Rule 301 (Noncum. Supp., 1976).

When a plaintiff proves that a regular employee driving an employer's vehicle is involved in an accident, there exists a presumption of fact which must be overcome by the defendant-employer. If it is not uncontroverted that the employee was acting solely for his own benefit and not in furtherance of the interests of the employer, then it is a question for the jury. The testimony of an interested party may not be taken as uncontradicted because his testimony is contradicted as a matter of law. *Cousins* v. *Cooper,* 232 Ark. 605, 339 S.W. 2d 316 (1960). We cannot say, as a matter of law, that it is uncontroverted that Johnson was acting solely for himself at the time of the accident.

We feel it necessary to point out that some of the language in our previous cases describing this presumption of fact is not correct. It is not an "inference". *Healey* v. *Cockrill,* 133 Ark. 327, 202 S.W. 229 (1918). It is not an "inference or presumption of fact". *Curtis Circulation Co.* v. *Henderson,* 232 Ark. 1029, 342 S.W. 2d 89 (1961). It is not a "temporary presumption". *Ford & Son Sanitary Co.* v. *Ransom,* 213 Ark. 390, 210 S.W. 2d 508 (1948). It is not a "prima facie presumption". *Brooks* v. *Bale Chevrolet Co., Inc.,* 198 Ark. 17, 127 S.W. 2d 135 (1939). In other words, we have called this presumption by different names, but the precise description is a presumption of fact as defined in Ark. Stat. Ann. § 28-1001, Rule 301 (Noncum. Supp., 1976).

We reverse the decision of the trial court and remand the case with directions to reinstate the judgment against Brandon.

Reversed and remanded.

We agree: HARRIS, C.J., and FOGLEMAN and BYRD, JJ.