Rhett BUTLER et al *v.* ARKANSAS
STATE HIGHWAY COMMISSION

CA 82-76                          640 S.W.2d 467

Court of Appeals of Arkansas
Opinion delivered October 20, 1982

*Wright, Lindsey & Jennings,* for appellants.

*Thomas B. Keys, Philip N. Gowen* and *Charles Johnson,* for appellee.

TOM GLAZE, Judge. This is an eminent domain case. The sole issue on appeal is whether there is substantial evidence to support the jury's verdict. Appellants contend the testimony of appellee's expert had no fair and reasonable basis and was not sufficient to support the award of damages given by the jury. We cannot agree.

Appellants owned approximately 10.7 acres on the northwest corner of Asher Avenue and Thirty-Sixth Street (Boyle Park Road), on which the appellee imposed a permanent easement in October, 1979, affecting .11 acre of the property, a narrow strip along Thirty-Sixth Street. A temporary construction easement was also imposed to construct a bridge over Rock Creek on Asher Avenue.

Because of this construction, there was a loss of access from Asher Avenue to appellants' property, which had frontage on both Asher and Thirty-Sixth Street. The parties agreed that the best use of the property was for commercial purposes, and the evidence tended to show it was ideal for a shopping center site.

At trial, three expert witnesses testified that the market value of appellants' property was diminished by the loss of access to Asher Avenue. One of these witnesses, Mr. Tommy Lasiter, was experienced in the development of shopping centers, and it was his opinion that the property's value was significantly diminished. He did not assign an amount to the loss. Appellants' other two witnesses agreed with Lasiter's opinion and assigned damages in the respective amounts of $77,191 and $101,900. Appellee's expert, Walker Watson, opined that no diminution in value ensued from the loss of access. He limited damages to the .11 acre taken and assigned an amount of $7,500. This same amount was awarded by the jury.

In arguing for reversal, one of the cases relied upon by appellants is *Arkansas State Highway Commission* v. *Byars*, 221 Ark. 845, 256 S.W.2d 738 (1953). The court in *Byars* noted the rule that whether there is substantial evidence to support a verdict is not a question of fact, but one of law. It further stated that because a witness testifies to a conclusion on his part does not necessarily mean that the evidence given by him is substantial, when he has not given a satisfactory explanation of how he arrived at the conclusion. In *Campbell* v. *State*, 265 Ark. 77, 89, 576 S.W.2d 938, 946 (1979), the Supreme Court cited *Byars* when stating the following:

> It is true that we are not required, on appellate review, to accept as substantial evidence the opinion of an expert when it clearly appears that it is opposed to physical facts, common knowledge, the dictates of common sense or is pure speculation. *Easton* v. *H. Boker & Co.*, 226 Ark. 687, 292 S.W.2d 257 (1956).

In view of the rules set forth in *Byars* and *Campbell*, we briefly review the expert testimony given in this cause. In

determining the sufficiency of the evidence to support a verdict, we must view the evidence with every reasonable inference arising therefrom in the light most favorable to appellee, and if there is any substantial evidence to support the verdict, it cannot be disturbed by this court. *See, Arkansas State Highway Commission* v. *Addy,* 231 Ark. 381, 383, 329 S.W.2d 535, 536 (1959).

Appellee's expert witness, Mr. Watson, has been an appraiser for the Highway Department for over twenty-three years and involved in real estate since 1947. Although he had no experience in evaluating shopping centers, his background and experience is essentially the same as two of the expert witnesses who testified on behalf of the appellants. All of the expert witnesses used the same method of appraisal in arriving at damages, but their amounts differed. The basic, underlying disagreement between Watson and the other three experts was that Watson did not believe that the loss of access from Asher Avenue affected the value of the property. In support of his opinion, Watson stated that a part of appellants' property was located in the floodway and could only be used for parking. Watson explained that any improvement on the property would have to be on the higher part of appellants' land which was adjacent to Boyle Park and located away from Asher. For this reason, he concluded the best access to the property is Thirty-Sixth Street (Boyle Park Road) — not Asher. Watson testified that the construction would improve the Thirty-Sixth Street access to appellants' property and provide a closer egress and ingress to any improvements on it. While Watson acknowledged the loss of the Asher access, he believed the major value of Asher is that people can view appellants' property from it but gain access to the property via Thirty-Sixth Street.

The testimony given by Watson was not opposed to the physical facts — although the appellants strongly disagree with the conclusions reached by Watson. He was qualified, without challenge, as an expert to testify concerning specialized knowledge to assist the jury in understanding other evidence and in determining the facts in issue. *See* Unif. R. Evid. 702.

The record reflects no objections concerning any of the matters to which Watson testified as being outside his field of expertise. On cross-examination, appellants' counsel thoroughly questioned him regarding all the facts and data underlying his opinions. In addition, the trial court gave the following instruction applicable to opinion evidence:

### COURT'S INSTRUCTION NO. 8

Much of the evidence introduced in this case has been what is called "opinion evidence." Opinion evidence is not a statement of fact, but is merely a statement of the witness's opinion. It is your duty to determine whether such opinions are correct or erroneous, and in arriving at your conclusions, you should consider the grounds upon which the witnesses based their opinions, their skill, experience, and knowledge of the matters about which they testified; and the reasonableness or unreasonableness of their opinion as viewed in the light of their knowledge and experience, using in this connection your own common sense, knowledge and experiences of life as reasonable and prudent persons.

In weight [sic] the opinion evidence, you should consider whether the expert has explained the factual and logical basis of his opinion and you should not consider his testimony as evidence of value if it is contrary to the physical facts about the property developed during the trial of the case, or if it is not reasonable.

On the facts presented, we cannot say Watson's opinion testimony was without a fair or reasonable basis or that it was insubstantial. If we had been the original fact-finders in the trial of this cause, we may well have believed appellants' expert testimony over that of appellee's. However, we believe that the weight to be given Watson's testimony is clearly within the jury's province to decide, and accordingly we find no error in its decision.

Affirmed.