Cay TENWICK and George DART, d/b/a CAY'S
ROCK CRUSHING v. Jesse BYRD

CA 82-418                                    659 S.W.2d 950

Court of Appeals of Arkansas
En Banc
Opinion delivered November 2, 1983

*Law Offices of Lynnda L. Jones,* by: *Lynnda L. Jones,* for appellants.

*Thorp Thomas,* for appellee.

TOM GLAZE, Judge. This appeal is from an action for damages resulting from appellee's sale of a used generator to appellants. Appellants Cay Tenwick and George Dart alleged below that the goods deliverd were non-conforming within the meaning set out by the Uniform Commercial Code, and that they were entitled to damages for their costs in curing the defect in the goods pursuant to Ark. Stat. Ann. § 85-2-712 (Add. 1961). The trial court found that the appellee, Jesse Byrd, had neither expressly nor impliedly warranted the sale of the goods to the appellants, that the sale was an "as is" transaction, and that appellee consequently was not liable for any defects. On appeal, Tenwick and Dart contend that substantial evidence did not support the trial court's finding that the transaction was an "as is" sale.

Whether substantial evidence exists to support a verdict is not a question of fact, but one of law. *Butler* v. *Arkansas State Highway Commission*, 6 Ark. App. 267, 640 S.W.2d 467 (1982). In testing the trial court's ruling, we view the evidence in the light most favorable to the appellee, and if there is any substantial evidence to support the verdict, it cannot be disturbed by this Court. *Id.* Because a witness testifies to a conclusion on his part does not necessarily mean that the evidence given by him is substantial. *Id.*

The appellants are in the business of buying and selling used heavy equipment in Moscow, Iowa. The appellee sells heavy equipment in Little Rock. In early 1980, appellants contacted appellee and asked about buying a used generator from him; they later travelled to Little Rock to inspect the machine. At the time of the inspection, the generator was, for the most part, disassembled and spread over an area approximately fifteen feet square at Byrd's place of business. The parts were partially covered with visqueen. Both Tenwick and Dart testified that Byrd told them the generator was complete except for the crankshaft and a turbo. After returning to Iowa, appellants phoned Byrd and agreed to pay $10,000 for the generator. Thereafter, they had their truck driver load and transport the generator to Iowa. About six weeks later, appellants inventoried the equipment and found that parts other than the crankshaft and turbo were

missing. Appellants testified that they apprised appellee of the missing parts, that appellee promised to look around his place of business to see if he could find them, and that nothing was ever replaced. Appellants claim they spent $9,258.55 for replacement parts pursuant to Ark. Stat. Ann. § 85-2-712 (Add. 1961) and that they are entitled to reimbursement because Byrd expressly warranted to them that everything was there except for the crankshaft and a turbo.

## I. SALE WAS AS IS/WHERE IS

After the conclusion of the trial, the judge entered a detailed, nine-page memorandum opinion, containing his findings and conclusions. The judge misstated that the appellant, Tenwick, testified the sale of the used generator was on an "as is" basis. Tenwick did refer to an "as is" sale, but his statement was made in reference to an earlier sale between the parties involving the appellants' purchase of a stone crusher. Nonetheless, the judge correctly found that Dart, Tenwick's partner, indicated in his testimony that the generator sale was "as is." Dart, testifying regarding the generator, said:

Q. And he didn't try to hide anything from you?

A. I don't think so.

Q. He said there it is?

A. Yes, he — except that he guaranteed except for the crank and the turbo. Beyond that he said everything was there.

Q. Well didn't he tell you that you were buying it as is, where it was?

A. *Well, as is/where is but with the guarantee that the balance of the parts were there.*

From Dart's foregoing statement and the fact that appellants had previously done business with appellee on an "as is" basis, the trial judge had every right to infer and

find the appellants' later purchase of the generator was an "as is" sale. At the same time, the judge, as fact finder, had the right to disbelieve both Tenwick's and Dart's testimonies indicating that an express warranty was made.

The crucial issue to be decided here is whether appellee made the express warranty attributed to him. More specifically, even if the evidence supports the court's finding that the parties' transaction was an "as is" sale, such a finding still fails to dispose of this case because only implied — not express — warranties are excluded in "as is" transactions. *See* Ark. Stat. Ann. § 85-2-316 (3); *see also* J. White and R. Summers, *Uniform Commercial Code* § 12-6 (2d ed. 1980).

## II. NO EXPRESS WARRANTY WAS MADE

Appellants testified that Byrd told them the generator was complete except for the crankshaft and a turbo. Because his deposition testimony was excluded by the trial court, Byrd did not testify regarding any aspect of the sale, including the express warranty issue. Nonetheless, appellee's failure to testify has no import under the circumstances existing in this case. The settled rule is that the testimony of an interested party may not be taken as uncontradicted because his testimony is contradicted as a matter of law. *Nipper* v. *Brandon Co.*, 262 Ark. 17, 553 S.W.2d 27 (1977). Thus, appellants' testimony concerning any expressed warranty was certainly not binding on the trial judge. This is especially true here because a study of the record reveals other facts and circumstances indicating that no such warranty was made by the appellee. *See Eudora Lumber Co.* v. *Neal*, 263 Ark. 40, 562 S.W.2d 294 (1978). In fact, the judge so found when he said, "Under the circumstances, the court is hard pressed to accept the assertion that [appellee] guaranteed to [appellants] that every part of a 1972 D34B generator except for the turbo and crankshaft would be sold." Those circumstances to which the court referred (or upon which it could have relied) in finding no express warranty are the following:

1. Appellants and appellee were professional, experienced businessmen who deal in used equipment.

2. The parties previously had dealt in an "as is" sale of a cone crusher, and appellants similarly claimed a missing part when the crusher was delivered to Moscow, Iowa. The fact a part was missing was never brought to appellee's attention because the appellants stated they chose to ignore it.

3. Dart indicated this sale was "as is" and admitted that generator parts were spread out over an area covering approximately fifteen feet square.

4. Because the generator parts were covered, the appellants did not observe and could not say whether any of the missing pieces had been actually present at the time appellants were on appellee's business premises to check the generator prior to the sale.

5. Nor could appellants say, conclusively, whether the missing parts had been lost once the parts were en route to Moscow, Iowa.

6. Although appellants contend they expended $9,258.55 to replace the missing parts, that sum plus their purchase price of $10,000 was still substantially less than the generator's estimated value of between $40,000 and $45,000 when it was later traded by the appellants.

In view of the foregoing circumstances, the trial judge stated his belief that "all [appellee] could have guaranteed in such an 'as is' transaction was that what was on the ground would be sold." Thus, because no one knew what was on the ground, the judge did not believe appellee asserted or warranted that all generator parts except the turbo and crankshaft were present. In making this finding, the judge knew the parties were experienced and knowledgeable businessmen who had done business with one another on an earlier occasion. He also knew the appellants made a substantial profit following their purchase of the generator in spite of the claims they now assert in this action. In weighing the evidence, the judge was not required to set

aside his common sense and knowledge and blindly accept the assertions made by the appellants.

Viewing this evidence in the light most favorable to the appellee, we find substantial evidence to support the verdict, and therefore we affirm.

Affirmed.

CLONINGER, J., dissents.

LAWSON CLONINGER, Judge, dissenting. I respectfully disagree. All the testimony in this case unequivocally declares that there was an express warranty that the generator was complete except for the crankshaft and a turbo. Mr. Tenwick and Mr. Dart testified positively that there was an express warranty, and that testimony was not refuted.

It is true that the testimony of the plaintiffs may not be taken as uncontradicted, as a matter of law, but the evidence is strong that the trial judge based his entire decision upon his erroneous understanding that Mr. Tenwick had described the sale as an "as is" one. In his memorandum opinion, the trial judge, at one point, declared that "Indeed, the court distinctly recalls plaintiff Tenwick describing the sale as an 'as is' transaction." The record shows that without question Mr. Tenwick referred to a previous sale between the parties as an "as is" transaction, and the record just as unquestionably shows that Mr. Tenwick repeatedly testified that the sale at issue here was covered by an express warranty.

At another point in his opinion, the trial judge stated that " ... one or both of the plaintiffs also admit to the sale's being that of a used generator 'as is' ... " The record reveals no such testimony by either plaintiff.

The finding of the trial court is clearly against the preponderance of the evidence, and I would reverse.